OPINION
On or about May 6, 1998, Comer Henry was found guilty following a jury trial of one count of aggravated robbery in violation of R.C. 2911.01(A)(1) with an accompanying firearm specification, R.C. 2929.14/2941.145, and one count of carrying concealed weapons in violation of R.C. 2923.12(A). Around that same time and in relation to a different offense, Henry entered a guilty plea to one count of robbery in violation of R.C.2911.02(A)(1). The trial court subsequently sentenced Henry to an aggregate term of eleven years imprisonment.
Henry timely filed a notice of appeal to this court. His appellate counsel filed a brief pursuant to Anders v. California
(1967), 386 U.S. 738, certifying that a review of the record had failed to reveal any meritorious issue for appellate review. This court notified Henry of his appellate counsel's representations, and allowed him sufficient time to respond pro se. Henry has responded by filing a pro se brief which contains three assignments of error. The State has filed a brief responding to Henry's pro se claims of error.
In his Anders brief, Henry's appellate counsel makes reference to three potential issues which might arguably support an appeal. We shall address each of these in the order presented.
First, appellate counsel contends that the trial court erred in overruling Henry's motion to suppress a statement that he gave to police on January 21, 1998, because at the time he was interviewed Henry was so intoxicated that his reason was impaired and he did not knowingly, intelligently, and voluntarily waive his rights. This issue lacks merit.
The statement which Henry gave to police on January 21, 1998, relates solely to the crime which occurred on January 11, 1998. Comer Henry pled guilty to committing that offense. Henry's guilty plea, which is unchallenged in this appeal, waives his right to claim error in the trial court's denial of his motion to suppress evidence. State v. Kelly (1991), 57 Ohio St.3d 127;State v. Conley (September 12, 1997), Montgomery App. No. 16184, unreported.
Moreover, the record of the suppression hearing contains competent, credible evidence which supports the trial court's two findings. First that at the time police interviewed Henry he was not intoxicated to the point where his ability to reason and understand was impaired and he was incapable of knowingly, intelligently, and voluntarily waiving his rights, State v.Stewart (1991), 75 Ohio App.3d 141. Second, that there was no coercive activity by the police and no exploitation of Henry's impaired judgment, if it was impaired. State v. Nobles (1995),106 Ohio App.3d 246.
Next, appellate counsel argues that the trial court committed error in overruling Henry's challenge to the jury array based upon his claim that African-Americans were unfairly under-represented in the racial composition of the jury array given the percentage of such persons living in the community. This issue also lacks merit.
In order to establish a violation of his Sixth and Fourteenth Amendment rights to a fair and representative cross-section of the community on his petit jury, Henry must demonstrate that the under-representation of African-Americans on the jury array was the result of "systematic exclusion of that group during the jury selection process." State v. Fulton (1991), 57 Ohio St.3d 120. A review of the record reveals that no evidence to support that proposition was presented in this case.
Finally, appellate counsel argues that Henry's conviction for aggravated robbery and carrying concealed weapons is against the manifest weight of the evidence. This argument likewise lacks merit.
Henry's conviction rests upon the testimony and eyewitness identification by the robbery victim, as well as his own confession to police. Henry presented no evidence at trial which contradicted the evidence presented by the State. We cannot say that the evidence weighs heavily against a conviction, that the jury lost its way, or that a manifest miscarriage of justice has resulted. State v. Martin (1983), 20 Ohio App.3d 172.
In his pro se appellate brief, Henry's first assignment of error reads:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN ENTERING A JUDGMENT OF CONVICTION ON THE FIREARM SPECIFICATION IN THIS CASE WHERE THERE WAS INSUFFICIENT EVIDENCE ADDUCED AT TRIAL TO ESTABLISH THE ESSENTIAL ELEMENT OF "OPERABILITY," IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS UNDER THE STATE AND FEDERAL CONSTITUTIONS.
A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins (1997), 78 Ohio St.3d 380. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259
:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
In order to find Henry guilty of the firearm specification attached to the aggravated robbery charge, it was incumbent upon the State to demonstrate that the firearm Henry used during commission of the offense was "operable." State v. Gaines (1989),46 Ohio St.3d 65; State v. Murphy (1990), 49 Ohio St.3d 206. This operability requirement is a key element in finding that the instrument meets the statutory definition of "firearm." R.C.2923.11(B)(1).
In determining whether an instrument is a firearm as statutorily defined, the trier of fact may rely upon circumstantial evidence including, but not limited to, the representations and actions of the person exercising control over the firearm. R.C. 2923.11(B)(2). The operability of a firearm can be demonstrated by either an express or implied threat to use the firearm; an express threat is not required. State v.Thompkins, supra; State v. Dixon (1995), 71 Ohio St.3d 608.
Evidence presented by the State at trial demonstrates that Henry walked up to the cash register and raised his sweatshirt, revealing a semi-automatic handgun to the cashier, and demanded that the cashier "give him all the money." When the cashier did not respond quickly enough, Henry told her to hurry up and open the drawer. The cashier panicked and had difficulty getting the cash register open because she was unsure whether Henry might shoot her. When the cashier finally got the register open, Henry pulled the gun out and held it in his hand while removing the bills from underneath the change drawer.
We believe that these facts, when viewed in a light most favorable to the State, are sufficient to convey an implied threat and warrant a reasonable inference by a rational trier of fact that the gun Henry possessed during this robbery was an operable firearm which would be used to wound or kill the victim if Henry's demands were not promptly met. Compare State v. Nelson (August 18, 1995), Montgomery App. No. 14775, unreported. This assignment of error will be overruled.
Henry's second pro se assignment of error provides:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN OVERRULING THE MOTION TO SUPPRESS STATEMENTS IN THIS CASE WHERE NO EVIDENCE WAS PRESENTED TO REBUT THE EVIDENCE THAT APPELLANT WAS UNDER THE INFLUENCE OF A SUFFICIENT AMOUNT OF DRUGS AND ALCOHOL AS TO RENDER ANY RESULTANT STATEMENT INADMISSIBLE AS NOT HAVING BEEN KNOWINGLY, INTELLIGENTLY OR VOLUNTARILY MADE, IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS AS WELL AS FIFTH AMENDMENT RIGHTS.
This is the exact same issue which we previously addressed as appellate counsel's first potential issue that might arguably support an appeal in this case. For the reasons discussed therein, this assignment of error is overruled.
Henry's third pro se assignment of error asserts:
 APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHERE TRIAL COUNSEL FAILED TO MAKE THE ADVERSARIAL TESTING PROCESS WORK AT TRIAL, IN VIOLATION OF APPELLANT'S RIGHT TO COUNSEL UNDER THE STATE AND FEDERAL CONSTITUTIONS.
The standard for judging the quality of representation by defense counsel in a criminal case is set forth in Stricklandv. Washington (1984), 466 U.S. 668. In reviewing that standard the Ohio Supreme Court in State v. Bradley (1989), 42 Ohio St.3d 136,142, stated:
 "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, supra, at 687-688, 104 S.Ct. at 2064. The court recognized that there are * * * countless ways to provide effective assistance in any given case. * * * "Id. at 689, 104 S.Ct. at 2065. Therefore, the court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential. * * *" Id. In addition, "[b]ecause of the difficulties inherent in making the evaluation, a court must [538 N.E.2d 380] indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." Id. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.
 Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365 [101 S.Ct. 665, 667-68, 66 L.Ed.2d 564] (1981)." Strickland, supra, 466 U.S. at 691, 104 S.Ct. at 2066. To warrant reversal, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, supra, at 694.
Henry contends that defense counsel performed in a deficient manner by failing to object when a police officer who had interviewed Henry testified that Henry told him "he had just gotten out of the penitentiary on November 19, 1997." Even assuming, however, that counsel's failure to object to this statement constitutes deficient performance, as Henry alleges, we cannot say that there is reasonable probability that but for counsel's failure to object, the outcome of this trial would have been different. The jury was specifically instructed by the trial court not to consider evidence that Henry had committed other crimes as proof of Henry's bad character and that he acted in conformity with that bad character in this case. Moreover, the evidence of Henry's guilt was overwhelming, and included eyewitness testimony by the robbery victim as well as Henry's own confession. We see no prejudice as defined by Strickland.
Next, Henry asserts that his defense counsel performed in a deficient manner by failing to file a motion to suppress the pretrial photo identification procedures used by police in this case. A review of the evidence, however, particularly the testimony by the robbery victim, fails to demonstrate any legitimate grounds upon which to claim that the identification procedure used was unduly suggestive, or more importantly, that the identification by the eyewitness was unreliable. Identifications which are reliable are admissible. State v. Jells
(1990), 53 Ohio St.3d 22; State v. Davis (1996), 76 Ohio St.3d 107. On this record we see no reasonable likelihood that a motion to suppress the photo identifications would have succeeded. Hence, defense counsel's failure to file such a motion does not constitute ineffective assistance of counsel. State v. Benson
(July 14, 1995), Montgomery App. No. 14427, unreported.
Henry next asserts that defense counsel's representation was deficient because counsel did not seek a directed verdict of acquittal on the firearm specification based upon the State's failure to prove that the firearm was "operable." As we noted in addressing Henry's first pro se assignment of error, the evidence presented by the State was sufficient to allow reasonable minds to conclude that the firearm Henry possessed and used was operable. Thus, defense counsel's failure to argue to the contrary does not constitute deficient performance.
Lastly, Henry complains about defense counsel's failure to meaningfully cross-examine both the robbery victim regarding her pretrial photo identification of Henry and the interrogating police officer regarding Henry's confession. An examination of the trial transcript reveals that defense counsel did vigorously cross-examine the robbery victim in an attempt to expose any inconsistencies in her description of the robber. To have hammered away on the victim regarding her pretrial identification of Henry from a photo spread, as Henry suggests defense counsel should have done, would likely have served to reinforce the victim's identification of Henry as the perpetrator where, as here, the victim immediately identified Henry from the photo spread as the robber. No deficient performance by defense counsel has been demonstrated.
With respect to Henry's claim that defense counsel should have questioned the interrogating police officer about who wrote Henry's statement, the evidence clearly demonstrates that the substantive portion of that statement was written by Henry. Once again, Henry has not demonstrated deficient performance, much less ineffective assistance of counsel. This assignment of error lacks merit.
In addition to reviewing the issues raised by Henry's appellate counsel and Henry pro se, we have conducted an independent review of the record in this case. We find no prejudicial error in the proceedings of the trial court which deprived Henry of a fair trial. The judgment of the trial court will be affirmed.
WOLFF, J. and YOUNG, J., concur.
Copies mailed to:
Kirsten A. Davies, Esq.
Christopher W. Thompson, Esq.
Comer Lewis Henry, III
Hon. Dennis J. Langer