DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from the Wood County Court of Common Pleas' judgment of conviction and imposition of sentence of appellant, Richard Owens, following pleas of guilty to two counts of drug trafficking in violation of R.C. 2925.03(A) and (C)(4)(d). Appellant, pro se, sets forth the following assignments of error:
"ASSIGNMENT OF ERROR NUMBER ONE:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW DENYING DEFENDANT-APPELLANT SUBSTANTIVE/PROCEDURAL DUE PROCESS 
EQUAL PROTECTION OF LAWS WHEN THE TRIAL COURT FAILED TO COMPLY WITH CRIM.R. 11(C)(2)(a) BY _NOT ADDRESSING THE DEFENDANT PERSONALLY TO DETERMINE IF THE GUILTY PLEA WAS BEING ENTERED KNOWING, INTELLIGENT, VOLUNTARY ABSENT INDICTMENT, THREATS, COERCION, OR PROMISES, WHICH RESULTED IN PREJUDICE BECAUSE DEFENDANT-APPELLANT WAS DENIED THE RIGHT TO BE HEARD CONCERNING COUNSEL'S PROMISES MADE IN EXCHANGE FOR THE PLEA WHICH IS A VIOLATION OF U.S. CONSTITUTION AMENDMENT 14.
"ASSIGNMENT OF ERROR NUMBER TWO:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW DENYING DEFENDANT-APPELLANT SUBSTANTIVE/PROCEDURAL DUE PROCESS 
EQUAL PROTECTION OF LAWS WHEN FAILING TO COMPLY WITH CRIM.R. 11(B)(1) (C)(2)(b); BY NOT ADDRESSING THE DEFENDANT-APPELLANT PERSONALLY TO DETERMINE IF THERE WAS UNDERSTANDING OF THE `EFFECT' OF THE GUILTY PLEA, BEING A COMPLETE ADMISSION OF THE GUILT WHICH IS MANDATORY 
NOT DISCRETIONARY AND VIOLATIVE OF THE U.S. CONSTITUTION AMENDMENT 14.
"ASSIGNMENT OF ERROR NUMBER THREE:
 "DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO CHALLENGE R.C. § 2925.03(A)(C)(4)(d); AS THE TERM `IN THE VICINITY OF A JUVENILE,' IS UNCONSTITUTIONALLY VOID FOR VAGUENESS AND VIOLATIVE OF THE DUE PROCESS EQUAL PROTECTION CLAUSES, RESULTING IN PREJUDICE, BECAUSE THE ACCUSED IS NOT BEING GIVEN A COMPLETE UNDERSTANDING OF THE NATURE OF THE OFFENSE CONTRARY TO CRIM.R. 11(C)(2)(a); VIOLATIVE OF U.S. CONSTITUTION AMENDMENTS 6 14.
"ASSIGNMENT OF ERROR NUMBER FOUR:
 "DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL ERRONEOUSLY ADVISED HIS CLIENT TO PLEAD GUILTY IN THE EXISTENCE OF THE AFFIRMATIVE DEFENSE OF ENTRAPMENT, RESULTING IN PREJUDICE AS THE OUTCOME WOULD HAVE BEEN OTHERWISE AT TRIAL BY JURY HAD COUNSEL OF [SIC] PROPERLY ADVISED HIS CLIENT OF THIS DEFENSE, RENDERING THE GUILTY PLEA, UNKNOWING, UNINTELLIGENT, INVOLUNTARY ABSENT KNOWLEDGE OF ITS CONSEQUENCES, IN VIOLATION OF THE DUE PROCESS EQUAL PROTECTION CLAUSES CONTRARY TO U.S. CONSTITUTION AMENDMENTS 6 14."
The pertinent facts of this case are as follows. On November 5, 1998, the grand jury indicted appellant on two counts of drug trafficking. Count one charged that appellant sold or attempted to sell 13.8 grams of cocaine in violation of R.C.2925.03(C)(4)(d), a third degree felony. Count two charged that appellant sold or attempted to sell 29.8 grams of cocaine in the vicinity of a juvenile, a second degree felony. On November 16, 1998, appellant entered a plea of not guilty as to both counts.
On February 11, 1999, appellant withdrew his plea and entered a plea of guilty to both counts in the indictment. On April 1, 1999, appellant was sentenced to a one year term of imprisonment under count one and a two year term of imprisonment under count two. The sentences were ordered to be served concurrently. The trial court also suspended his driver's license for two years following his release from prison.
Thereafter, on April 8, 1999, appellant filed a post-sentence motion to withdraw his guilty plea in which he claimed that he was inadequately represented by trial counsel. Said motion was denied without a hearing on April 20, 1999. In its order, the trial court reasoned that appellant failed to deny his guilt, state that he misunderstood the process, or claim that his plea was the result of undue influence.
On January 10, 2000, appellant filed a motion for delayed appeal with this court. The motion was granted on February 14, 2000.
Appellant's first and second assignments of error are interrelated and will be discussed together. In his first assignment of error, appellant argues that during the sentencing hearing the trial court failed to personally address him, as required under Crim.R. 11(C)(2)(a), in order to determine the voluntariness of his guilty plea. Appellant next argues, in his second assignment of error, that the trial court failed to comply with Crim.R. 11(B)(1) and (C)(2)(b). The pertinent portions of Crim.R. 11 provide that:
 "B) Effect of guilty or no contest pleas. With reference to the offense or offenses to which the plea is entered:
 "(1) The plea of guilty is a complete admission of the defendant's guilt.
" * * * .
"(C) Pleas of guilty and no contest in felony cases.
" * * * .
 "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence."
Entering a guilty plea waives all appealable errors which may have occurred at trial, unless such errors precluded appellant from entering a knowing and voluntary plea. State v.Kelley (1991), 57 Ohio St.3d 127, paragraph two of the syllabus.
The purpose of Crim.R. 11(C) is to aid in the determination of the voluntariness of a defendant's plea. State v. Nero (1990),56 Ohio St.3d 106, 107. Literal compliance with the rule is preferred; however, vacation of a plea is not required where the reviewing court determines there has been substantial compliance.Id. at 108, citing State v. Stewart (1977), 51 Ohio St.2d 86, 92-93. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id. Keeping this standard in mind, we reviewed the transcript of the sentencing hearing.
Relative to appellant's assignments of error, the following discussion was held:
 "THE COURT: Do you understand the nature of the charges against you?
"MR. OWENS: Yes, I do.
 "THE COURT: Do you understand that one of the charges is trafficking in cocaine, a violation of Ohio Revised Code Section 2925.03(A)(C)(4)(D), which is a felony of the third degree.
"MR. OWENS: Yes, your Honor.
 "THE COURT: And the second is another count of trafficking in cocaine, a violation of 2925.03(A)(C)(4)(D), which in this case is a felony of the second degree?
"MR. OWENS: Yes, your Honor."
The trial court further stated that as to count two of the indictment a prison term was mandatory. Appellant indicated that he understood. The trial court then explained the maximum prison terms and fines as to each count. The trial court reviewed the constitutional rights appellant was waving by entering a guilty plea including: the presumption of innocence; trial by jury or to the court; the ability to see, hear, confront and cross-examine witnesses; the ability to compel the production of evidence or witnesses; the privilege against self-incrimination; and, if found guilty, certain appeal rights. Appellant indicated that he understood that he was giving up all of these constitutional rights.
The trial court further addressed appellant's attorney as follows:
 "THE COURT: Mr. Cimerman, have you discussed with your client all of the allegations in the indictment and his rights as a criminal defendant?
"MR. CIMERMAN: Yes, your Honor.
 "THE COURT: Do you believe that the Defendant fully understands the charges and his rights?
"MR. CIMERMAN: Yes.
 "THE COURT: And have you thoroughly explained the maximum penalty for each of the charges, and that they could be sentenced consecutively?
"MR. CIMERMAN: Yes.
 "THE COURT: And in your opinion, is the plea of guilty offered voluntarily, knowingly, and intelligently by the Defendant?
"MR. CIMERMAN: Yes."
This court has carefully reviewed the transcript of the plea proceedings herein. The record reflects that the trial court throughly explained the maximum prison sentences and fines to which appellant could have been sentenced. The trial court also reviewed the constitutional rights appellant was waiving by entering the guilty pleas. While the trial court did not specifically ask appellant whether his pleas were knowing and voluntary, the entire colloquy between the trial court and appellant demonstrates that appellant wished to enter the pleas. Thus, we find that under the totality of the circumstances appellant understood the nature and effect of the pleas and entered them knowingly and voluntarily. Accordingly, appellant's first and second assignments of error are not well-taken.
In his third assignment of error, appellant argues that he was denied effective assistance of counsel because his attorney failed to challenge the provision of R.C. 2925.03(C)(4)(d) which increases the penalty for drug trafficking "in the vicinity of a juvenile." Appellant contends that the phrase is void because it is vague and ambiguous.
We first note that legal representation is constitutionally ineffective, and a basis for reversal or vacation of a conviction, only when counsel's performance is deficient and results in prejudice to the accused. Strickland v. Washington (1984), 466 U.S. 668. In order to prove ineffective assistance of counsel, a defendant must show (1) that his counsel's performance fell below an objective standard of reasonable representation in some particular respect or respects and (2) that he was so prejudiced by the defect or defects that there exists a reasonable probability that, but for counsel's errors, the result of the trial would have been different. Statev. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, following Strickland.
Appellant argues that R.C. 2925.03 is unconstitutionally vague because men and women of ordinary intelligence would question whether the criminal activity would have to occur in the presence of the juvenile. In examining the constitutionality of R.C. 2925.03(C)(4)(d), we begin with the premise that all such laws are presumed to be constitutional. _State v. Anderson
(1991), 57 Ohio St.3d 168, 171. Moreover, "[t]he party alleging that a statute is unconstitutional must prove this assertion beyond a reasonable doubt in order to prevail." Id. In Anderson, the Ohio Supreme Court discussed the void-for-vagueness doctrine as follows:
 "In order to prove such an assertion, the challenging party must show that the statute is vague `not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all. * * * .' Coates v. Cincinnati (1971), 402 U.S. 611, 614. In other words, the challenger must show that upon examining the statute, an individual of ordinary intelligence would not understand what he is required to do under the law. Thus, to escape responsibility * * * [the challenger] must prove, beyond a reasonable doubt, that the statute was so unclear that he could not reasonably understand that it prohibited the acts in which he engaged." Id.
In examining a statute for vagueness, we must measure it against three values identified by the United States Supreme Court.Papachristou v. City of Jacksonville (1972), 405 U.S. 156; Grayned v.City of Rockford (1972), 408 U.S. 104, 108-109. In State v. Tanner
(1984), 15 Ohio St.3d 1, 3, the Ohio Supreme Court articulated those values as follows: (1) providing fair warning to citizens in order that their behavior may comport with the dictates of the statute; (2) precluding arbitrary, capricious and generally discriminatory enforcement; and (3) ensuring that constitutionally protected freedoms are not unreasonably impinged or inhibited.
R.C. 2925.03(C)(4)(d) provides:
 "Except as otherwise provided in this division, if the amount of the drug involved exceeds ten grams but does not exceed one hundred grams of cocaine that is not crack cocaine or exceeds five grams but does not exceed ten grams of crack cocaine, trafficking in cocaine is a felony of the third degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the third degree. If the amount of the drug involved is within one of those ranges and if the offense was committed in the vicinity of a school or the vicinity of a juvenile, trafficking in cocaine is a felony of the second degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree."
The phrase "in the vicinity of a juvenile" is defined in R.C.2925.01(B)(B) which states:
 "An offense is `committed in the vicinity of a juvenile' if the offender commits the offense within one hundred feet of a juvenile or within the view of a juvenile, regardless of whether the offender knows the age of the juvenile, whether the offender knows the offense is being committed within one hundred feet of or within view of the juvenile, or whether the juvenile actually views the commission of the offense."
Upon review of the statutory provisions in question we cannot say that said provisions are so imprecisely drafted as to provide no standard at all. R.C. 2925.01(B)(B) clearly provides that the more severe form of R.C. 2925.03(C)(4)(d) is committed when a juvenile is within one hundred feet of the transaction. It is immaterial whether the juvenile is in the presence of the offender during the transaction or, in fact, whether the offender is even aware that the juvenile is in the vicinity. Accordingly, the statute provides ample warning to citizens and is clear enough to preclude arbitrary enforcement. Therefore, because we find that R.C.2925.03(C)(4)(d) is not unconstitutionally vague, we likewise find that appellant's trial counsel was not ineffective in failing to raise said issue. Appellant's third assignment of error is not well-taken.
In appellant's fourth and final assignment of error he argues that his trial counsel was ineffective by failing to raise the affirmative defense of entrapment. Essentially appellant argues that the police informant, an individual from whom he borrowed tools and heavy equipment for jobs and projects, approached him and told him he wanted to purchase cocaine. Appellant indicated that he knew little about the drug and did not want to purchase it for him. He relented when the individual threatened to stop lending him the equipment. This individual introduced him to the undercover officer whom he dealt with directly in making subsequent purchases. He also indicated to the officer that he did not wish to continue purchasing the drug.
Entrapment is an affirmative defense and must therefore be proven by the accused by a preponderance of the evidence.State v. Doran (1983), 5 Ohio St.3d 187, 193.
 "The defense of entrapment is established where the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order to prosecute." Id. at paragraph one of the syllabus.
However, entrapment is not shown where the accused is predisposed to commit the offense and the government officials merely afford the opportunity for the accused to commit the offense. Id. at 192. The Doran court then provided a nonexhaustive list of indices of predisposition. The list includes: (1) previous criminal activity of the type charged; (2) the accused's ready acquiescence to police inducements; (3) the accused's particularized knowledge in the area of the criminal activity charged; (4) the accused's ready access to contraband; and (5) the accused's willingness to involve himself in the criminal activity.Id.
Reviewing the Doran indices of predisposition under the facts of the instant case we find that appellant has failed to set forth a prima facie showing of entrapment. Appellant, despite contending that he did not wish to be involved in the sale of the illegal substance, completed six cocaine transactions, two of which were for over $1,000. Appellant had ready access to the drug from a supplier with a long criminal history. Further, appellant has an adult criminal record which includes a conviction for drug abuse. Accordingly, appellant has failed to demonstrate that trial counsel's failure to raise the affirmative defense of entrapment fell below an objective standard of reasonable representation, which is required in order to establish ineffective assistance of counsel. State v. Bradley, 42 Ohio St.3d at paragraphs two and three of the syllabus. Appellant's fourth assignment of error is not well-taken.
On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Wood County Court of Common Pleas is affirmed. Costs of this appeal are to be paid by appellant.
 ______________________ PIETRYKOWSKI, J.
 Peter M. Handwork, J., Richard W. Knepper, P.J., JUDGES CONCUR.