[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On July 21, 2000, police officers responding to a 911 call found Carol Thomas in her bathtub dead by strangulation. The police discovered a trail of blood leading from the master bedroom to the bathroom. The victim's husband, defendant-appellant Victor Thomas, was home when she was discovered. Thomas was interrogated by the police and made incriminating statements. Thereafter, he was indicted for murder.
Thomas entered a plea of not guilty by reason of insanity, but was found not to meet the qualifications for that plea. He then filed a motion to suppress certain statements made at the police station. After a hearing, that motion was overruled. Thomas then withdrew his previous not-guilty plea to murder and entered a plea of guilty to voluntary manslaughter in violation of R.C. 2903.04. On appeal, Thomas asserts two assignments of error, neither of which we find to be well taken.
In his first assignment, Thomas alleges that the trial court erred in not granting his motion to suppress statements made during his interrogation. Thomas maintains that his statements should have been suppressed because he had not made a knowing, voluntary, or intelligent waiver of his rights due to his mental illness, and because his confession was a product of duress. One who enters a voluntary guilty plea while represented by competent counsel waives all nonjurisdictional defects in prior stages of the proceedings.[1] The record reflects that Thomas pleaded guilty to manslaughter after being given all of his Crim.R. 11 rights. Any alleged errors regarding the motion to suppress are, therefore, waived. This assignment is overruled.
In his second assignment, Thomas alleges that the trial court erred in giving him the maximum sentence of ten years. In particular, he argues that he did not commit the worst form of the offense, and that he presented significant evidence in mitigation, such as the fact that he suffered from schizophrenia, depression, and hallucinations and the fact that he did not intend to kill his wife.
R.C. Chapter 2929 provides guidelines for imposing a prison sentence. For a first-degree felony, the trial court must impose a prison sentence of between three and ten years.[2] When imposing a sentence, the trial court must make the appropriate recidivism and seriousness findings pursuant to R.C. 2929.12, and it must consider the purpose and principles of the sentencing statutes set forth in R.C. 2929.11. The court may impose the maximum prison term upon offenders who have committed the worst forms of the offense, upon offenders who pose the greatest likelihood of recidivism, and upon certain major drug offenders and certain repeat violent offenders.[3] When imposing the maximum sentence, the trial court must place upon the record its reasons for imposing the maximum sentence.[4]
In this case, the trial court considered the seriousness and recidivism factors, and found that Thomas had previously served a prison term. That finding was supported by the presentence investigation report. The court further found that Thomas posed the greatest likelihood of committing future crimes and provided its reasons supporting this finding on the sentencing worksheet. Specifically, the court stated that Thomas had killed his wife, that the charge had been reduced from murder to manslaughter, and that Thomas had a history of domestic violence and drug and alcohol dependence. Given that, we hold that the trial court did not err in imposing the maximum sentence. Accordingly, we overrule the second assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Winkler, JJ.
[1] See State v. Kelley (1991), 57 Ohio St.3d 127, 566 N.E.2d 658;Ross v. Court (1972), 30 Ohio St.2d 323, 285 N.E.2d 25.
[2] See R.C. 2929.14(A)(1).
[3] See R.C. 2929.14(C).
[4] See State v. Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131.