THE STATE OF OHIO, APPELLANT, *v.* KELLEY, APPELLEE.

[Cite as State *v.* Kelley (1991), 57 Ohio St. 3d 127.]

(No. 89-2048—Submitted November 28, 1990—Decided January 30, 1991.)

*Stephanie Tubbs Jones*, prosecuting attorney, and *Carmen M. Marino*, for appellant.

*Dennis P. Levin*, for appellee.

HOLMES, J. The central issue presented in this case is whether appellee knowingly, intelligently, and voluntarily waived his constitutional rights when he entered his plea of guilty to the offense of voluntary manslaughter. For the reasons which follow, we answer this query in the affirmative.

When a trial court or appellate court is reviewing a plea submitted by a defendant, its focus should be on whether the dictates of Crim. R. 11 have been followed. Crim. R. 11 provides in pertinent part:

"C. Pleas of guilty and no contest in felony cases.

"* * *

"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept

such plea without first addressing the defendant personally and:

"(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.

"(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.

"(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."

Furthermore, in reviewing the record on appeal, the appellate court should inquire as to whether the defendant voluntarily and knowingly waived his constitutional rights. As the United States Supreme Court stated in *Boykin* v. *Alabama* (1969), 395 U.S. 238, 243, the defendant's rights include: (1) the Fifth Amendment privilege against compulsory self-incrimination, (2) the right to trial by jury, and (3) the right to confront one's accusers. Accord *State* v. *Nero* (1990), 56 Ohio St. 3d 106, 107, 564 N.E. 2d 474, 476.

In the case *sub judice,* the record reflects that the trial court explained all the constitutional rights appellee was entitled to, in the absence of a plea bargain, pursuant to Crim. R. 11. Further, the court inquired as to any promises, threats, or inducements that appellee, defense attorney, prosecutor, or the court might have made in order to cause appellee to enter a plea of guilty. The court held: "Let the record

show that the Court finds that the defendant understands his constitutional rights and voluntarily and willingly waives those rights and enters a plea of guilty to the charge of voluntary manslaughter.

"The Court will accept the defendant's plea."

In reviewing the colloquy between the trial court and appellee, and the statements made by the court as to appellee's understanding of his rights, we find that appellee was informed of his constitutional rights pursuant to Crim. R. 11. However, this does not end our inquiry since the court of appeals went beyond the sentencing hearing and looked to appellee's prior trial to find coercive conduct on the part of the prosecution in obtaining appellee's plea bargain agreement.

The court of appeals went beyond appellee's assignments of error in order to determine that there was inducement concerning his guilty plea. The appellate court found it was plain error for the trial court to accept appellee's plea following appellee's conviction of murder. Specifically, the court decided that the guilty plea was conceivably induced by the jury's verdict of murder. Moreover, the court of appeals concluded that although appellee received a more favorable conviction as a result of the guilty plea, he unknowingly waived valid appealable rights. The court of appeals held: "It can be concluded that the trial court's overruling of appell[ee's] motions at trial, or the fact that the jury had found him guilty of murder, or a combination of both, induced appell[ee] to plead guilty to voluntary manslaughter." The court concluded that, "[i]f there was no jury verdict of guilty, there would have been no inducement for the appell[ee] to plead guilty to voluntary manslaughter." The court premised its holding on two substan-

tive errors which it determined had taken place at trial. First, appellee was possibly denied his right to a speedy trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution. Second, appellee was apparently convicted solely on the basis of uncorroborated testimony of an accomplice in violation of former R.C. 2923.03(D).

In addressing both of the possible errors which may have occurred at appellee's trial, the court of appeals decided not to determine their merits except to note that they contributed to appellee's induced plea. Somehow the court of appeals assumed that the possibility that appealable errors occurred at trial constituted plain error and negated appellee's plea of guilty to the lesser included offense for which he was ultimately sentenced.

In discussing a defendant's speedy trial rights, this court in *Montpelier* v. *Greeno* (1986), 25 Ohio St. 3d 170, 25 OBR 212, 495 N.E. 2d 581, held that "where an accused has entered a plea of guilty he waives his right to raise the denial of his right to a speedy trial on appeal." See, also, *Partsch* v. *Haskins* (1963), 175 Ohio St. 139, 141, 23 O.O. 2d 419, 420, 191 N.E. 2d 922, 923 ("even assuming petitioner had made a demand for a speedy trial, when he entered his plea of guilty * * *, it amounted to a withdrawal of such de-

mand and waived his right to insist on * * * a speedy trial"); *State* v. *Branch* (1983), 9 Ohio App. 3d 160, 9 OBR 226, 458 N.E. 2d 1287. Thus, we reaffirm the conclusion reached by a majority of this court previously, that a guilty plea waives a defendant's right to challenge his conviction on statutory speedy trial grounds pursuant to R.C. 2945.71 (B)(2). Furthermore, the mere fact that a defendant is convicted of a crime does not, *ipso facto*, cause the defendant to be induced or coerced into plea bargaining. Within a plea bargain, as found here, we hold that a plea of guilty following a trial and prior to sentencing effectively waives all appealable errors which may have occurred at trial, unless such errors are shown to have precluded the defendant from voluntarily entering into his or her plea pursuant to the dictates of Crim. R. 11 and *Boykin* v. *Alabama, supra.*

We do not foreclose an appellate court from reviewing other proceedings which affirmatively show that a defendant was improperly coerced into submitting his plea. However, we note under App. R. 12(A),[1] the court of appeals' inquiry is limited to the record on appeal and cannot address issues which were previously waived by the defendant.

In thoroughly reviewing the record in this case, we find that it is void of any evidence that would indicate ap-

---

[1] App. R. 12(A) provides:

"In every appeal from a trial court of record to a court of appeals, not dismissed, the court of appeals shall review and affirm, modify, or reverse the judgment or final order of the trial court from which the appeal is taken. The appeal shall be determined on its merits on the assignments of error set forth in the briefs required by Rule 16, on the record on appeal as provided by Rule 9, and unless waived, on the oral arguments of the parties, or their counsel, as provided by Rule 21. Errors not specifically pointed out in the record and separately argued and briefed shall be passed upon by the court in writing, stating the reasons for the court's decision as to each such error."

pellee was coerced or induced into making his plea. Moreover, the effect of appellee's plea was to *waive* all errors that may have taken place at his trial.

Accordingly, for the foregoing reasons, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for execution of sentence.

*Judgment reversed
and cause remanded.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.