OPINION
Defendant-appellant, Christopher Stoller, appeals his speeding conviction from the Eaton Municipal Court. We affirm the decision of the trial court.
On August 28, 1998, appellant, who resides in Northbrook, Illinois, received a citation for driving seventy-nine m.p.h. in a sixty-five m.p.h. zone. Appellant was ordered to appear in court on September 14, 1998 or pay the fine for speeding. Appellant failed to exercise either option and received a "compact violator notice" that the fine must be paid within twenty-one days of September 14, 1998 or his license would be suspended in his "home state."
In response to this notice, appellant demanded a speedy trial and asked to appear by telephone due to his disability. A notice from the social security administration filed by appellant indicates that, at least as of May 1996, defendant was disabled. The notice does not indicate the nature of the disability. The trial court overruled appellant's request to appear for trial by telephone and scheduled the trial for October 12, 1998. On October 8, 1998, appellant filed an "emergency" motion, again requesting trial by telephone. On October 23, 1998, the trial court overruled the
"emergency" motion and rescheduled the trial for November 6, 1998.
Appellant proceeded to file an "emergency motion to dismiss this action for failure to bring defendant under the speedy trial act." In a November 9, 1998 entry, the trial court noted that appellant failed to appear for trial, overruled the speedy trial motion and ordered appellant's drivers license cancelled as a "Non-Resident Compact Violator." Also, a computer generated form from the clerk's office titled "Interstate Compact Notice of Failure to Comply With Terms of Citation" was signed by the clerk on November 9, 1998. The notice stated that
 You have failed to comply with the citation described in this notice by appearing in court or paying the fine within the prescribed time. As a result you have been tried in your absence and found guilty. Failure to remit the fine within 10 days from the date shown in the lower right corner of this notice will result in notifying the licensing authority in your state to suspend your driver's license until the fine has been paid.
In a letter dated November 13, 1998, appellant paid the speeding fine of $115. A receipt of "fines and costs" of $115 was acknowledged by the clerk on November 16, 1998. On December 7, 1998, appellant filed a timely notice of appeal and presents two assignment of error for our review:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH THE SPEEDY TRIAL ACT (DOCUMENT 12).
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO APPEAR AT TRIAL BY TELEPHONE AND IN FINDING HIM GUILTY IN HIS ABSENCE (DOCUMENT 12; CASE REPORT FOR TRAFFIC CASE 98-TR06627-01, DATED DECEMBER 8, 1998).
Upon review of this record, we find that, after the court suspended appellant's license pursuant to the interstate compact statute, appellant paid the fine for speeding. By paying the fine, appellant effectively plead guilty to the charge in the citation. Traf.R. 13(D). The trial court never found appellant guilty of speeding in a trial in his absence. Instead, the trial court suspended his license pursuant to the nonresident compact statute. See R.C. 4511.99. The computer generated form from the clerk was never signed by the trial court and does not constitute a guilty finding for speeding. In addition, by paying the fine, appellant waived the speedy trial issue he seeks to raise in this appeal. See State v. Kelley (1991), 57 Ohio St.3d 127, 130. Accordingly, the first and second assignments of error are overruled.
Judgment affirmed.
YOUNG and WALSH, JJ., concur.