JUDGMENT ENTRY
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The assignment of error, which alleges that the trial court erred in failing to comply with Crim.R. 11 before accepting defendant-appellant Maury S. Eakins's plea of guilty, is overruled. The record shows that the trial court fully complied with the constitutional and procedural safeguards contained in Crim.R. 11, and that Eakins knowingly, intelligently and voluntarily entered his guilty plea. See State v. Kelley
(1991). 57 Ohio St.3d 127, 566 N.E.2d 658; State v.Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115. We note that, in explaining to Eakins the maximum penalty he faced, the trial court stated, "I am not required to follow anybody's suggestion. Do you understand that?" Eakins replied, "Yes." (T.p. 4.)
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., DOAN and GORMAN, JJ.