[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, William E. Meister, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of three counts of illegal use of a minor in nudity-oriented material, two counts of corruption of a minor, and two counts of pandering sexually-oriented matter involving a minor. Meister was convicted of the offenses following the entry of guilty pleas, and, at an evidentiary hearing, the trial court adjudicated him a sexual predator pursuant to R.C. 2950.09. For the following reasons, we affirm the trial court's judgment.
In his first assignment of error, Meister argues that the lower court erred by denying his motion for a continuance. In his second assignment of error, he maintains that the lower court erred by denying him the opportunity to obtain new counsel. A plea of guilty effectively waives all appealable errors that may have occurred in the proceedings prior to the plea, unless those errors are shown to have precluded the defendant from voluntarily entering into the plea pursuant to Crim. R. 11.[1] In the case at bar, the record reflects that the trial court meticulously complied with Crim. R. 11, and there is nothing in the record to indicate that Meister's pleas were not voluntary. The first and second assignments of error are therefore overruled.
In his third assignment of error, Meister argues that the sexual-predator adjudication was against the manifest weight of the evidence. We disagree. In a sexual-predator proceeding, the prosecution is required to prove by clear and convincing evidence that the defendant is "likely to engage in the future in one or more sexually oriented offenses."[2] With respect to the determination of whether an individual is a sexual predator, R.C.2950.09(B)(2) states that the trial court "shall consider all relevant factors, including, but not limited to, all of the following:"
The offender's age;
 The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
Any mental illness or mental disability of the offender;
 The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 Any additional behavioral characteristics that contribute to the offender's conduct.
 During the sexual-predator hearing, the trial court heard evidence that Meister had engaged in sexual conduct with the fifteen-year-old female victim. He had taken photographs of the victim in various states of undress and was found in possession of numerous other photographs depicting children engaged in sexual conduct. Additionally, Meister underwent a psychological examination that led the examining psychologist to conclude, inter alia, that Meister was a manipulative sexual deviant who did not appreciate the criminality of his conduct. We therefore hold that there was overwhelming evidence to support the trial court's determination. Meister's third assignment of error is overruled, and the judgment of the court of common pleas is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] State v. Kelley (1991), 57 Ohio St.3d 127, 566 N.E.2d 658, paragraph two of the syllabus.
[2] R.C. 2950.01(E); State v. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282, and C-970283, unreported.