JOURNAL ENTRY AND OPINION
In these consolidated appeals, defendant Daryle Mitchell challenges his sentence for drug possession which included a term of post-release control, and his conviction for escape which stemmed from a violation of the post-release control order. For the reasons set forth below, we affirm both matters.
On March 4, 1997, defendant was indicted for possession of five grams or less of cocaine, in violation of R.C. 2925.11. On April 29, 1997, defendant entered a guilty plea to the charge and was sentenced to twelve months incarceration, suspended. He was also ordered to complete special probation, drug treatment programs, and three years of community control sanctions.
On November 1, 1998, defendant was indicted for escape in connection with allegations that he failed to report to his supervising officer on June 16, 1999, in violation of the terms of post-release control.[1]
He was also charged with a second count of escape in a separate case number for failing to report in January 1999. Defendant subsequently entered into a plea agreement with the prosecuting attorney as the result of which the January escape charge was dismissed and the remaining escape charge was reduced to a fifth degree felony. Defendant pled guilty to this charge and was sentenced to six months incarceration. He appeals the sentence of post-release control in case no. 77679 and the escape conviction in case no. 77928.
 I. APPEAL NO. 77679
Defendant assigns the following error for our review:
 THE TRIAL COURT ERRED WHEN IT PLACED THE APPELLANT ON POST RELEASE CONTROL BECAUSE THE POST RELEASE CONTROL STATUTE CODIFIED AT R.C. 2967.28 IS UNCONSTITUTIONAL UNDER BOTH THE UNITED STATES AND FEDERAL CONSTITUTIONS.
Defendant asserts that the post-release control statute is unconstitutional because it violates the constitutional separation of powers, the due process guarantees, and the prohibitions against double jeopardy and cruel and unusual punishment.
In Woods v. Telb (2000), 89 Ohio St.3d 504, the Supreme Court held that the post-release control statute does not violate the constitutional separation of powers and does not abridge the due process guarantees.
Further, the Court stated:
 The post-release control sanctions are sanctions aimed at behavior modification in the attempt to reintegrate the offender safely into the community, not mere punishment for an additional crime, as in bad time. (Emphasis added).
Accordingly, we cannot accept defendant's claim that post-release control violates the prohibitions against double jeopardy or cruel and unusual punishment. Cf. State v. Williams (2000), 88 Ohio St.3d 513,528. This assignment of error is without merit.
Case No. 77679 is affirmed.
II. Appeal No. 77928
Defendant's assignment of error in this appeal states:
 THE TRIAL COURT ERRED WHEN IT CONVICTED THE APPELLANT OF ESCAPE FROM POST-RELEASE CONTROL BECAUSE THE POST-RELEASE CONTROL STATUTE CODIFIED AT R.C. 2967.28
IS UNCONSTITUTIONAL UNDER BOTH THE UNITED STATES AND FEDERAL CONSTITUTIONS.
Defendant next contends that the trial court erred in convicting him of escape for violating the provisions of post-release control because, defendant contends, the post-release control statute is unconstitutional.
As we have noted herein, the post-release control statute is not unconstitutional. Accordingly, a violation of that statute may form the basis for a charge of escape. See State v. Duncan (2000),89 Ohio St.3d 522; State v. Kehoe (Sept. 13, 2000), Lorain App. No. 00CA007546, unreported. In any event, by entering a guilty plea, defendant has waived this error. State v. Kelley (1991), 57 Ohio St.3d 127. This assignment of error is without merit.
Case No. 77928 is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
 _______________________________ ANN DYKE, ADMINISTRATIVE JUDGE
TIMOTHY E. McMONAGLE, J., AND JAMES M. PORTER, J., CONCUR.
[1] See R.C. 2967.15(C)(2), amended on March 17, 1998.