OPINION
Angelo Kendrick appeals from his conviction in the Montgomery County Common Pleas Court of Aggravated Robbery in violation of R.C.2911.01(A)(1).
Kendrick was originally indicted for one count of aggravated robbery and kidnapping. Prior to trial, Kendrick moved to suppress all eyewitness testimony to his alleged crimes on the basis that it was tainted by pre-trial police procedures which were "impermissibly suggestive" in violation of his constitutional rights to due process. The trial court overruled Kendrick's motion finding that all of the constitutional requests have been met by the government to support an in — court — identification of the defendant by the State's witness. The defendant then entered a negotiated plea of guilty to aggravated robbery, and the kidnapping charge was then nollied by the prosecuting attorney. Kendrick received a definite sentence of six years in prison.
Kendrick's appellate counsel has filed an Anders brief stating she believes Kendrick's appeal is frivolous. We notified Kendrick on July 12, 2000 of his counsel's finding and granted him sixty (60) days to file his own brief in this matter. He has filed nothing with this court.
A plea of guilty waives all appealable errors unless such errors are shown to have precluded the defendant from voluntarily entering his plea pursuant to the dictates of Crim.R. 11, State v. Kelley (1991),57 Ohio St.3d 127, or that the court lacked subject matter jurisdiction of the crimes for which the defendant was charged. State v. Riggins
(1980), 68 Ohio App.2d 1.
There is absolutely no evidence in this record that trial counsel was constitutionally ineffective in advising his client to plead guilty to the single charge of aggravated robbery. We have reviewed the suppression hearing evidence and find no indication police used "suggestive procedures" to assist the victim in this case in her identification of Kendrick. The victim, Nancy Lawson, had over a minute to identify the defendant in a well-lit convenience store. She indicated she had no difficulty identifying Kendrick from six photographs of similar young men shown to her by Officer Jeffrey Collins four days after the crime. The trial court appropriately denied the suppression motion.
Kendrick received a reduced sentence in the aggravated robbery charge, and the kidnapping charge was nollied. Trial counsel was not ineffective in advising his client to accept the plea agreement after the pre-trial motion was denied.
Finding no error in the proceedings below, the judgment of the trial court is affirmed.
 ____________________ BROGAN, J.
WOLFF, J., and YOUNG, J., concur.