OPINION
Defendant-appellant Yves M. Daniels appeals from his conviction and sentence, following a guilty plea, for three counts of Gross Sexual Imposition. He contends that the trial court erred by denying his motion to suppress statements made by him to police officers during custodial interrogation. The State contends, and we agree, that Daniels waived any error in the denial of his motion to suppress when he pled guilty. Furthermore, warnings and waivers pursuant to Miranda v. Arizona (1966),384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694, are not vitiated as a result of the failure of the police officer giving the warnings to explain the nature of the charges against the person being interrogated, or the possible punitive consequences. Colorado v. Spring (1987),479 U.S. 564, 107 S.Ct. 851, 93 L.Ed. 954. Accordingly, the judgment of the trial court is Affirmed.
 I
November, 1999, Daniels was arrested and interrogated. He was ultimately indicted on four counts of Rape.
Daniels moved to suppress incriminating statements made while he was being interrogated. Following a hearing, the trial court denied the motion. Thereafter, a plea bargain was entered into whereby Daniels pled guilty to three counts of Gross Sexual Imposition. His plea was accepted, and he was sentenced accordingly. From his conviction and sentence, Daniels appeals.
 II
Daniels' sole assignment of error is as follows:
 WHEN THE ACCUSED DOES NOT KNOWINGLY AND INTELLIGENTLY WAIVE HIS MIRANDA RIGHTS, PREJUDICIAL ERROR OCCURS WHEN THE TRIAL COURT OVERRULES A MOTION TO SUPPRESS HIS STATEMENT.
Daniels contends that the trial court erred by denying his motion to suppress incriminating statements made during custodial interrogation, because he had not knowingly and intelligently waived his rights under Miranda v. Arizona (1966), supra. Daniels argues that although he was advised that there was an allegation of sexual assault, he did not understand "the precise charges against him," and the interrogating police officer did not discuss the penalties for the offenses with which he was charged, or the possibility of life imprisonment.
The State contends that any error with respect to the motion to suppress was waived when Daniels pled guilty, citing State v. Kelley (1991), 57 Ohio St.3d 127 . We agree.
Furthermore, even if the alleged error with respect to the denial of Daniels' motion to suppress had not been waived, the assignment of error would still have no merit. As long as Daniels understood that he had the right to remain silent, and that anything that he said could be used as evidence against him, his waiver of his Fifth Amendment privilege was knowingly and intelligently made. The Fifth Amendment does not require that a criminal suspect know and understand every possible consequence of a waiver of the Fifth Amendment privilege. Accordingly, the mere fact that a person being interrogated is not aware of the precise charges pending against him, or of the possible penalties to which he may be exposed, does not vitiate Miranda warnings and waivers. Colorado v. Spring, supra, at 573-574.
Daniels' sole assignment of error is overruled.
 III
Daniels' sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
GRADY and YOUNG, JJ., concur.