JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Robert Pempton, appeals from the sentence imposed by the Cuyahoga County Court of Common Pleas, Criminal Division, which imposed a consecutive prison term of four years for each of counts one and two, attempted felonious assault as amended; and seven years for count three, felonious assault, as charged, to be served consecutive to counts one and two.
 {¶ 2} On November 8, 2000, Pempton was charged in a three-count indictment with felonious assault, in violation of R.C. 2903.11. The indictment stems from an incident that occurred on September 18, 2000 at the BP Gas Station at 4507 Detroit Ave. On that date, Brian Fowles, a customer at the gas station, was exiting the store when he noticed Pempton driving recklessly toward him. Fowles was able to jump out of the way to avoid being hit by Pempton's vehicle, but Pempton's vehicle struck Fowles' vehicle several times. After striking Fowles' car, Pempton jumped from his vehicle and proceeded to jump on the hood of Fowles' vehicle and kick in the front windshield.
 {¶ 3} Pempton then went into the gas station store. While in the store, Anthony Tlacil, an employee of the station, requested that Pempton leave the store because of his violent and reckless behavior. Pempton then knocked Tlacil to the ground and began kicking him repeatedly. While Tlacil was being kicked by Pempton, two other co-workers, John Dambrosio and Richard Dambrosio, attempted to come to his assistance. While Richard Dambrosio was attempting to assist Tlacil, Pempton pushed him to the ground and began to punch him several times in the chest.
 {¶ 4} While Pempton was punching Richard Dambrosio, Tlacil grabbed a baseball bat in an attempt to stop the attack. Pempton wrestled the baseball bat from Tlacil and then struck John Dambrosio in the arm and leg. Nearby witnesses heard the commotion in the store and came to the assistance of the victims. The witnesses were able to subdue Pempton and hold him until the police arrived.
 {¶ 5} Pempton was treated for injuries at MetroGeneral Hospital where he was questioned concerning the incident. While at the hospital, Pempton admitted to smoking PCP approximately one hour earlier, and he did not remember being at the gas station.
 {¶ 6} On January 2, 2001, Pempton pleaded guilty to attempted felonious assault, as amended in counts one and two, and guilty to felonious assault, as charged in count three. On January 23, 2001, the court imposed a consecutive prison term of four years as to each of counts one and two and seven years as to count three, to be served consecutive to counts one and two. The lower court determined that the imposition of consecutive sentences was appropriate because of the appellant's extensive criminal record; he was on post-release control at the time of the offense; there was physical harm to the victims; to protect the public; and the imposition of consecutive sentences was not disproportionate to the offender's conduct.
 {¶ 7} It is from the sentence of the lower court which Pempton now appeals. For the foregoing reasons, the appellant's appeal is not well taken.
 {¶ 8} The appellant presents three assignments for this court's review. The first assignment of error states:
 {¶ 9} "I. THE TRIAL COURT FAILED TO FOLLOW THE REQUIREMENTS OF R.C. 2929.11(B) AND THE APPELLANT'S SENTENCE MUST BE VACATED OR ALL COUNTS MUST BE SERVED CONCURRENTLY."
 {¶ 10} The appellant's first assignment of error proceeds under the pretense that R.C. 2929.11(B) requires the lower court to make certain findings when sentencing a defendant. Mistakenly, R.C. 2929.11(B) merely states the purposes of felony sentencing and enunciates the proportionality principle for sentencing. Therefore, in addressing this assignment of error, this court will proceed as if the appellant raised the instant argument under R.C. 2929.14 and 2929.19.
 {¶ 11} When the trial court decides to impose consecutive sentences, it must make findings under R.C. 2929.19(E)(4) and must give reasons for the findings under R.C. 2929.19(B)(2)(c). See, State v.Bolton (Sept. 5, 2002), Cuyahoga App. No. 80263. R.C. 2929.14(E)(4) provides the circumstances where consecutive sentences are proper:
 {¶ 12} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 13} "* * *
 {¶ 14} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 15} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 16} R.C. 2929.11 sets forth the purposes of felony sentencing and enunciates the proportionality principle for sentencing:
 {¶ 17} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 18} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 19} In the case at hand, the lower court clearly conformed to the above stated requirements. The lower court specifically referred to the seriousness of the offense; the extent of the injuries which the victims endured; the extensive criminal record of the appellant; the fact that the appellant was on post-release control at the time of the offense; and that the imposition of a minimum sentence would demean the seriousness of the offenses and would not adequately protect the public from future crimes by this offender. In addition, the lower court stated that the imposition of consecutive sentences is necessary to protect the public and punish the offender. Moreover, the lower court specifically stated that the imposition of consecutive sentences was not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public.
 {¶ 20} In light of the above, it is clear that the lower court followed the necessary requirements, and the sentence conformed to the purposes and policies of the sentencing provisions. As such, the appellant's first assignment of error is not well taken.
 {¶ 21} The appellant's second assignment of error states:
 {¶ 22} "II. THE TRIAL COURT VIOLATED THE DICTATES OF CRIM.R. 32(A)(1) AND THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION WHEN IT FAILED TO ALLOW APPELLANT TO PRESENT INFORMATION IN MITIGATION OF PUNISHMENT."
 {¶ 23} The appellant, in his second assignment of error, argues that the lower court erred when his family was not permitted to speak on his behalf at his sentencing. This assertion is without merit.
 {¶ 24} R.C. 2929.19(A)(1) states:
 {¶ 25} "The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony and before resentencing an offender who was convicted of or pleaded guilty to a felony and whose case was remanded pursuant to section 2953.07 or 2953.08
of the Revised Code. At the hearing, the offender, the prosecuting attorney, the victim or the victim's representative in accordance with section 2930.14 of the Revised Code, and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case." See, also, State v. Pearce (Dec. 18, 1998), 1998 Ohio App. LEXIS 6032.
 {¶ 26} Pursuant to R.C. 2929.19, the court had discretion to allow appellant's family members to speak at appellant's sentencing. It is apparent from the record that the lower court possessed intimate knowledge of the appellant and his past crimes and exploits. As such, the appellant's second assignment of error is without merit.
 {¶ 27} The appellant's third assignment of error states:
 {¶ 28} "III. THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION WHEN THERE WAS NO REFERRAL FOR A PSYCHIATRIC REPORT IN MITIGATION PURSUANT TO R.C. 2947.06
WHEN THE APPELLANT HAD A HISTORY OF PSYCHIATRIC HOSPITALIZATIONS."
 {¶ 29} In his third and final assignment of error, the appellant contends that defense counsel's failure to request a psychiatric evaluation prior to sentencing constituted ineffective assistance of counsel. The appellant bases this assertion on the fact that he has been hospitalized on two separate occasions due to psychiatric problems, as evidenced in his pre-sentence investigation report."
 {¶ 30} When a defendant enters a guilty plea, he waives all appealable errors which may have occurred at trial, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. State v. Kelly (1991), 57 Ohio St.3d 127. Failure to request an independent psychiatric evaluation to be used at sentencing is not waived by the guilty plea. However, the defendant was not prejudiced by these failures.
 {¶ 31} Ineffective assistance of counsel occurs when there has been a substantial violation of defense counsel's essential duties and the defendant was prejudiced thereby. State v. Lytle (1976),48 Ohio St.2d 391, 396-397. A court may first consider whether defendant was prejudiced before reaching the ineffective performance issue. Statev. Bradley (1989), 42 Ohio St.3d 136, 143, 538. To prove prejudice, defendant must show a reasonable probability that were it not for counsel's errors the result would be different. Id. at 142. Reasonable probability means "sufficient to undermine confidence in the outcome" and does not mean "some conceivable effect." Id.
 {¶ 32} Appellant argues that trial counsel should have obtained an independent psychiatric evaluation as an independent psychiatric evaluation would have possibly aided in the mitigation of punishment. The appellant's argument is speculative at best. The lower court clearly grasped the scope of the appellant's drug use, criminal activity, and psychiatric problems at the time of sentencing. Nevertheless, the lower court determined that it was in the public's best interest that the appellant be incarcerated due to the barbaric nature of his crimes. As such, the appellant's third and final assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J., AND TERRENCE O'DONNELL, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).