OPINION
Defendant-appellant Gregory Brooks appeals from his conviction and sentence, following a guilty plea, to Possession of Crack Cocaine and Possession of Heroin. Brooks contends that the trial court erred when, during the jury trial, and following the State's case, the trial court denied his motion for judgment of acquittal. The State contends, and we agree, that any error in the denial of Brooks' motion for judgment of acquittal was waived when he later pled guilty, as part of a plea bargain. Accordingly, the judgment of the trial court is Affirmed.
 I
Brooks was charged by indictment with one count of Possession of Crack Cocaine, one count of Possession of Heroin, and one count of Possession of Powder Cocaine. A jury trial was held on November 15 and 16, 2001. At the conclusion of the State's case, Brooks moved for a judgment of acquittal, pursuant to Crim.R. 29. The trial court denied the motion.
The case was submitted to the jury, which ultimately reported that it was hopelessly deadlocked. The trial court declared a mistrial. About a month later, Brooks entered into a plea bargain wherein he pled guilty to one count of Possession of Crack Cocaine and one count of Possession of Heroin. The State dismissed the charge of Possession of Powder Cocaine. Brooks was sentenced to eight months incarceration on each count, to be served concurrently with one another, and concurrently with a sentence entered in another case. From his conviction and sentence, Brooks appeals.
 II
Brooks' sole assignment of error is as follows:
 "THE CONVICTION SHOULD BE REVERSED BECAUSE THE COURT ERRED IN OVERRULING DEFENDANT'S RULE 29 MOTION."
We agree with the State that any error in the trial court's denial of Brooks' motion for judgment of acquittal was waived when he pled guilty. A defendant who enters a voluntary plea of guilty while represented by competent counsel waives all nonjurisdictional defects in prior stages of the proceedings. Ross v. Common Pleas Court of Auglaize County (1972),30 Ohio St.2d 323. See, also, State v. Kelley (1991), 57 Ohio St.3d 127, second paragraph of syllabus.
Brooks' sole assignment of error is overruled.
 III
Brooks' sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and GRADY, JJ., concur.