OPINION
{¶ 1} Michael Coleman appeals from his conviction in the Montgomery County Common Pleas Court of aggravated burglary. Coleman entered a guilty plea to the charge after the trial court overruled his pre-trial motion to suppress his identification by certain witnesses.
 {¶ 2} In a single assignment of error Coleman contends the trial court erred in denying his pre-trial motion to suppress his identification by witnesses to the burglary on the basis that it was tainted by a process which was unduly suggestive.
 {¶ 3} The State argues that Coleman has waived his right to appeal the trial court's decision to overrule the suppression motion because Coleman entered a guilty plea to the aggravated burglary. We agree.
 {¶ 4} In State v. Kelly (1991), 57 Ohio St.3d 127, the Ohio Supreme Court held that the plea of guilty waives a defendant's right to challenge his or her conviction on statutory speedy trial grounds pursuant to R.C. 2945.71(B)(2). The court held that a guilty plea effectively waives all appealable errors which may have occurred at trial, unless such errors are shown to have precluded the defendant from voluntarily entering into his or her plea pursuant to the dictates of Crim. R. 11. See, State v. Kelly, supra, at 130. See also, Brady v. UnitedStates (1970), 397 U.S. 742, wherein the United States Supreme Court held when a state criminal defendant pleads guilty to an indictment he cannot in a federal habeas corpus proceeding raise independent claims relating to the deprivation of constitutional rights that antedated the plea.
 {¶ 5} Coleman does not assert in this appeal that his guilty plea was not voluntarily entered in this matter. The assignment of error must be overruled.
 {¶ 6} Judgment of the trial court is Affirmed.
GRADY, J., and YOUNG, J., concur.