OPINION.
{¶ 1} Johnnie Bonner appeals from his two convictions of aggravated robbery with firearm specifications pursuant to his guilty pleas. Bonner contends the trial court failed to properly explain the nature of these charges to him in violation of Crim.R. 11. He also contends in a separate assignment that his counsel was constitutionally ineffective in failing to explain the criminal charges to him prior to his entering his guilty pleas.
 {¶ 2} After Bonner was indicted (originally for three counts of aggravated robbery with specifications) his counsel suggested that Bonner might be incompetent to stand trial, and he also entered an insanity plea on Bonner's behalf. The trial court ordered that two competency and sanity evaluations be completed and the trial court subsequently determined that Bonner was competent to stand trial.
 {¶ 3} Defense counsel stipulated to the contents of the psychiatric report as submitted by the Forensic Psychiatry Center for Western Ohio but those reports are not part of this appellate record.
 {¶ 4} Appellant contends that while the trial court "technically" complied with the requirements of Crim.R. 11, the court did not thoroughly explain the nature of the charges with him. In particular he notes the court did not explain the meaning of the aggravated robbery charges. Appellant contends that in light of his "mental health" issues, the trial court was required to provide a more detailed explanation of the aggravated robbery charges.
 {¶ 5} The State argues that the record fails to reveal what "mental health issues" confronted Bonner, but, in any event, the trial court fully complied with its duties under Crim.R. 11.
 {¶ 6} When determining the validity of a guilty plea, a reviewing court's focus should be on whether the trial court followed the requirements of Crim.R. 11 and whether the defendant voluntarily and knowingly waived his constitutional rights. State v. Kelley (1991),57 Ohio St.3d 127, 128-129. Crim.R. 11(C)(2) sets forth the mandatory procedure for the acceptance of a guilty plea in felony cases:
 {¶ 7} In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 {¶ 8} (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 {¶ 9} (b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 {¶ 10} (c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at trial at which he cannot be compelled to testify against himself. Crim.R. 11(C)(2).
 {¶ 11} At the beginning of the plea hearing, the trial court explored at length with counsel the result of plea negotiations. Then the trial court addressed Bonner as follows:
 {¶ 12} "THE COURT: All right. And is this your understanding of what the plea negotiation is?
 {¶ 13} "MR. BONNER: Yes.
 {¶ 14} "THE COURT: Are you entering your plea of guilty voluntarily and of your own free will?
 {¶ 15} "MR. BONNER: Yes, sir.
 {¶ 16} "THE COURT: Is anybody in any way forcing you or pressuring you to plead guilty?
 {¶ 17} "MR. BONNER: No, sir.
 {¶ 18} "THE COURT: Now, may I have that plea form there? And we're going to go through this plea form and the first thing I want to do is to have the prosecutor read to you, Mr. Bonner, the two aggravated robbery charges and the firearm specification that you're pleading guilty to and I want to make sure you understand what you're pleading guilty to.
 {¶ 19} "MS. WILSON: Okay. The aggravated robbery charges will read identically except for the name of the victim and the date.
 {¶ 20} "THE COURT: All right.
 {¶ 21} "MS. WILSON: And I guess I'll go with the A-indictment.
 {¶ 22} "THE COURT: Which counts, for the record, which counts is he pleading guilty to?
 {¶ 23} "MS. WILSON: The Count One with a firearm specification and Count Two.
 {¶ 24} "THE COURT: All right.
 {¶ 25} "MS. WILSON: And the, I guess the B-indictment and would be nolled and the specification to Count Two will be nolled.
 {¶ 26} "THE COURT: All right.
 {¶ 27} "MS. WILSON: Had this case gone to trial, the state would have proven beyond a reasonable doubt that this defendant, Johnnie Lee Bonner, on June 7th, 2002, in the country of Montgomery, state of Ohio, in attempting or committing a theft offense as defined in Section2913.01(K) of the Revised Code or in fleeing immediately after the attempt or offense did have a deadly weapon, that being a handgun, on or about his person or under his control and displayed the weapon, brandished the weapon, indicated possession of the weapon or used the weapon.
 {¶ 28} "And the Count Two would be identical except that it occurred on June 8. And the firearm specification to Count One states that while committing the aforesaid offense, Johnnie Lee Bonner had on or about his person or under his control a firearm, and displayed the firearm, brandished the firearm, indicated that he possessed the firearm or used it to facilitate the offense.
 {¶ 29} "THE COURT: So, Mr. Bonner, do you understand the nature of those two aggravated robbery charges and the firearm specification?
 {¶ 30} "MR. BONNER: Yes, sir."
 {¶ 31} We are satisfied that the trial court complied with its requirement under Crim.R. 11 to be certain that the defendant understood the criminal charges he was admitting by entering his guilty pleas in this matter. The first assignment of error is overruled.
 {¶ 32} In his second assignment of error, Bonner argues that his counsel was ineffective in not requesting more time to discuss with him the State's plea offer and the effect of his guilty pleas before proceeding to the guilty plea hearing. He also contends that defense counsel had a duty to remind the trial court of his client's "mental health issues" before proceeding to the plea hearing.
 {¶ 33} The record reflects that Bonner entered his two guilty pleas on the morning of a hearing scheduled upon his motion to suppress the eyewitness identification of him. At the inception of the hearing the State offered to nolle pros one of the aggravated robbery charges, if Bonner entered guilty pleas to the other two aggravated robbery charges with their firearm specifications. The prosecutor stated she would be satisfied with a nine year sentence. The prosecutor indicated that the deadline for acceptance of the offer "would be prior to the beginning of the hearing." (Tr. 5). The following occurred in open court:
 {¶ 34} "THE COURT: Prior to the beginning of the hearing. Right now, Mr. Wilmes, do you think you need another few minutes to, since the deadline, before we begin the hearing, do you feel you need another few minutes to consult with your client to give a yes or no to this offer?
 {¶ 35} "MR. WILMES: I do.
 {¶ 36} "THE COURT: Right. So we'll take a brief recess.
 {¶ 37} "(Recess.)
 {¶ 38} "THE COURT: Be seated.
 {¶ 39} "MR. WILMES: Do you want us to approach or stay here?
 {¶ 40} "THE COURT: Please approach, yes.
 {¶ 41} "We're back on record in state of Ohio versus Johnnie Bonner. There's been a modification of the offer of the state, plea offer to Mr. Bonner and that offer is that the defendant would plead guilty to two counts of aggravated robbery and to one firearm specification.
 {¶ 42} "He would get a five-year sentence on each of the aggravated robberies to be run together at the same time which would then be consecutive to the three mandatory years for a total sentence of eight years. That would be the agreed upon sentence that the defendant would receive, eight years. That would include a three-year mandatory sentence. And we discussed when the defendant would be eligible to file for what is called judicial release.
 {¶ 43} "And the law would be that he would have to serve the three mandatory years first and then serve four of the five remaining years, so in other words, he would be eligible after serving seven years to file a motion for judicial release."
 {¶ 44} The trial court then asked the prosecutor, Bonner, and his counsel if they understood the terms of the plea bargain. They all agreed they did. The court asked Bonner if he was entering his pleas voluntarily and of his own free will and Bonner replied that he was.
 {¶ 45} Bonner has failed to demonstrate to us that his trial counsel was ineffective. The record does not establish how long Bonner's counsel discussed the State's offer with him. The record fails to demonstrate that Bonner misunderstood the plea offer or the nature of the charges to which Bonner would be entering his pleas. There also is no evidence that the trial court had forgotten the competency inquiry which had been previously raised by defense counsel. In short, there is no evidence that trial counsel was constitutionally ineffective. The second assignment is also overruled.
 {¶ 46} The judgment of the trial court is Affirmed.
FAIN, P.J., and WOLFF, J., concur.