OPINION
{¶ 1} Defendant-appellant, Richard Cornelius, appeals a decision of the Butler County Court of Common Pleas, denying a motion to suppress evidence. We affirm the decision of the trial court.
 {¶ 2} Based on information from a confidential informant that appellant was selling crack cocaine from a residence on Yankee Road in Middletown, police set up surveillance around the home. After observing known crack cocaine users enter the home, remain briefly, then leave, police approached the residence. Police inquired of appellant whether there were any drugs in the home. Appellant responded that the police were free to search the residence; however, he refused to provide written consent. During the search police discovered crack cocaine. Appellant was arrested and charged with possession of cocaine.
 {¶ 3} Appellant filed a motion to suppress the evidence obtained during the search, claiming that he had not voluntarily consented to the search. The trial court denied the motion, finding that his consent was voluntarily given. Appellant subsequently pled guilty to possession of cocaine, a fourth-degree felony. Upon completing a thorough Crim.R. 11 colloquy, the trial court accepted his plea. He was convicted and sentenced accordingly. He appeals, raising one assignment of error:
 {¶ 4} "The court erred in its determination that the appellant consented to the search of the premises."
 {¶ 5} In appellant's assignment of error, he argues that the trial court erred in overruling his motion to suppress evidence. However, we need not consider the merits of appellant's argument because he waived his right to contest the adverse ruling on this motion by entering a guilty plea.[1] See State v. Kelly
(1990), 57 Ohio St.3d 127, 128. Specifically, when a defendant enters a guilty plea, he waives the right to challenge a trial court's decision to overrule a pretrial motion to suppress evidence. See Id. at 130; Huber Heights v. Duty (1985),27 Ohio App.3d 244. For this reason, appellant's assignment of error is overruled.
 {¶ 6} Judgment affirmed.
Young, P.J., and Valen, J., concur.
[1] Appellant does not argue that his plea was not knowingly or voluntarily entered. Our review of the plea hearing transcript confirms that his plea was knowingly and voluntarily made.