[Cite as *State v. Lea*, 2026-Ohio-1837.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. | C-250589 |
| | | | C-250590 |
| Plaintiff-Appellee, | : | TRIAL NOS. | B-2501487 |
| | | | B-2503304 |
| vs. | : | | |
| JEFFREY THOMAS LEA, | : | | |
| Defendant-Appellant. | : | *JUDGMENT ENTRY* | |

This cause was heard upon the appeals, the records, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgments of the trial court are affirmed.

Further, the court holds that there were reasonable grounds for these appeals, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 5/20/2026 per order of the court.**

**By:**_____
      **Administrative Judge**

[Cite as *State v. Lea*, 2026-Ohio-1837.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. | C-250589 |
| | | | C-250590 |
| Plaintiff-Appellee, | : | TRIAL NOS. | B-2501487 |
| | | | B-2503304 |
| vs. | : | | |
| JEFFREY THOMAS LEA, | : | *O P I N I O N* | |
| Defendant-Appellant. | : | | |

Criminal Appeals From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal: May 20, 2026

*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Verjine V. Adanalian,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Brian T. Goldberg*, for Defendant-Appellant.

**ZAYAS, Judge.**

{¶1} Jeffrey Thomas Lea appeals his convictions, following guilty pleas, for three counts of breaking and entering in the case numbered B-2501487 and failure to comply with an order or signal of a police officer in the case numbered B-2503304. In two assignments of error, Lea contends that the court erred by accepting his guilty plea in the case numbered B-2503304 because it was not made knowingly, voluntarily and intelligently, and because the plea was not knowing, voluntary, or intelligent, the pleas in B-2501487 must be vacated because all pleas were part of a larger plea agreement. For the following reasons, we affirm the judgments of the trial court.

### Factual Background

{¶2} On April 25, 2025, in the case numbered B-2501487, Jeffrey Thomas Lea was charged with three counts of breaking and entering, all fifth-degree felonies. While that case was pending, Lea was charged with two counts of failure to comply with an order or signal of a police officer in the case numbered B-2503304 in violation of R.C. 2921.331(B). One was charged as a third-degree felony, and the other was charged as a fourth-degree felony.

{¶3} Lea decided to resolve each case with guilty pleas and signed two entries withdrawing his not-guilty pleas and entering pleas of guilty. In the case numbered B-2501487, Lea pled guilty as charged. In the case numbered B-2503304, Lea pled guilty to the fourth-degree felony failure to comply, and in exchange, the State dismissed the third-degree-felony charge.

{¶4} During the plea colloquy, the trial court addressed both the breaking-and-entering case and the failure-to-comply case. The court conducted a colloquy with Lea and explained that the failure to comply was a fourth-degree felony and he faced six to 18 months of incarceration and a maximum fine of $5,000. Defense counsel

3

interrupted the court and informed the court that he had explained to Lea that "he is eligible to be maxed and stacked on those charges." The court responded, "I'll get to that point." Counsel reiterated that he wanted to "make it clear that he and I had that conversation, and he's going forward."

{¶5} The court proceeded to advise Lea that the next set of charges were all fifth-degree felonies which carried a maximum penalty of 12 months. The court further explained that because each charge was a separate and distinct offense, the court could sentence him "consecutively on each of those charges - - on all these charges. Do you understand that? Which means I can run them back-to-back-to-back-to-back." Lea confirmed that he understood.

{¶6} The court further advised him that he faced a maximum of up to three years in the case numbered B-2501487 and again confirmed that he understood. With respect to the case numbered B-2503304, the court informed him that he faced 18 months on that "which can be ran [sic] consecutively to the three years, so the total you're looking at is four-and-a-half years in the Ohio Department of Corrections. Is that clear?" After Lea responded, "Yes," the court asked him if he wanted to "continue on with [his] plea." Again, Lea responded, "Yes." The court accepted the pleas and found him guilty of all charges.

{¶7} In the case numbered B-2501487, the court sentenced Lea to 12 months of incarceration on all three counts with Counts 1 and 2 to be served consecutively to each other, and Count 3 to be served concurrently with Counts 1 and 2 for a total sentence of 24 months of incarceration. The court sentenced him to 18 months in the case numbered B-2503304, to be served consecutively to the sentences in the case numbered B-2501487.

{¶8} The court made the requisite consecutive-sentences findings for the two

breaking-and-entering convictions and noted that the consecutive sentence on the failure to comply was mandatory, and additionally, necessary to protect the public and punish the offender and was not disproportionate to the seriousness of the conduct and the danger Lea posed to the public based on his criminal history.

{¶9} Lea now appeals, arguing that the court erred by accepting his guilty plea in the case numbered B-2503304 because it was not made knowingly, voluntarily, and intelligently because the trial court did not advise him that his sentence for violating R.C. 2921.331(B) included a mandatory, consecutive sentence. He further contends that the pleas entered in both cases must be vacated because they were entered as part of a larger plea agreement.

### The Plea was Knowing, Voluntary, and Intelligent

{¶10} Lea contends that the court failed to comply with Crim.R. 11(C) by failing to advise him that the charge of failure to comply with a police officer must be served consecutively to any other prison sentence, rendering his plea invalid.

{¶11} When reviewing a trial court's compliance with Crim.R. 11(C) prior to accepting a plea, an appellate court applies a de novo standard of review. *State v. Brigner*, 2015-Ohio-2526, ¶ 8 (4th Dist.). An appellate court reviews the totality of the circumstances and determines whether the plea hearing complied with Crim.R. 11(C). *State v. Lebron*, 2020-Ohio-1507, ¶ 9 (8th Dist.).

{¶12} Crim.R. 11(C) sets forth certain constitutional and procedural requirements that a trial court must comply with prior to accepting a guilty plea. *State v. Kelley*, 57 Ohio St.3d 127, 128 (1991). Crim.R. 11(C)(2)(a) states that the trial court shall not accept a guilty plea without first addressing the defendant and "[d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved . . . ." The Ohio

5

Supreme Court has set forth a three-part test to determine whether a plea was entered knowingly, intelligently and voluntarily. *State v. Dangler*, 2020-Ohio-2765, ¶ 11.

**{¶13}** An appellate court must answer three questions: "(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.*

**{¶14}** The extent of the trial court's compliance is relevant in determining whether a prejudice analysis is required. *See id.* at ¶ 14-15. "[A] trial court's complete failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." *Id.* at ¶ 15. "But when a trial court fails to fully cover other 'nonconstitutional' aspects of the plea colloquy, a defendant must affirmatively show prejudice to invalidate a plea." *Id.* at ¶ 14. To show prejudice, the defendant must demonstrate that he or she would not otherwise have entered the plea. *Id.* at ¶ 16.

**{¶15}** Lea pled guilty to failure to comply in violation of R.C. 2921.331(B). Under R.C. 2921.331(D), any sentence for a violation of division B must be served "consecutively to any other prison term or mandatory prison term imposed upon the offender." Lea asserts that his plea was not made knowingly, voluntarily, and intelligently because the trial court did not inform him that the failure-to-comply conviction required a mandatory consecutive sentence.

**{¶16}** Applying the first step of the *Dangler* test, the parties agree, and the record reflects, that the trial court did not advise Lea that the conviction carried a mandatory consecutive sentence.

**{¶17}** Next, the court must determine whether the court completely failed to comply with the maximum-penalty advisement or whether the court mentioned "all

6

components of the maximum penalty during the plea colloquy, even if the advisement as to any one is incomplete or inaccurate." *State v. Johnson*, 2025-Ohio-149, ¶ 19 (1st Dist.). Put differently, a complete failure occurs when the court completely omits advising about a distinct component of the maximum penalty. *See State v. Fabian*, 2020-Ohio-3926, ¶ 20 (12th Dist.). "By contrast, the trial court's mention of a component of the maximum penalty during a plea colloquy, albeit incomplete or inaccurate, does not constitute a complete failure to comply with Crim.R. 11(C)(2)(a)." *See id.*, citing *Dangler*, 2020-Ohio-2765.

{¶18} In this case, at the beginning of the colloquy, the court informed Lea of the sentencing range for the failure to comply. Defense counsel informed the court that he had explained to Lea that "he is eligible to be maxed and stacked on those charges." The court proceeded to advise Lea that the charges in the case numbered B-2501487 were all fifth-degree felonies which carried a maximum penalty of 12 months. The court further explained that because each charge was a separate and distinct offense, the court could sentence him "consecutively on each of those charges - - on all these charges. Do you understand that? Which means I can run them back-to-back-to-back-to-back." Lea confirmed that he understood. The court advised him that he faced a maximum of up to three years in the case numbered B-2501487 and Lea again confirmed that he understood.

{¶19} The court further informed him that that he faced a maximum of 18 months on the failure-to-comply charge, "which can be ran [sic] consecutively to the three years, so the total you're looking at is four-and-a-half years in the Ohio Department of Corrections. Is that clear?" Lea confirmed that he understood and affirmed that he wished to plead guilty to all of the charges.

{¶20} Lea argues that the failure to inform him of the mandatory consecutive

sentence "constitutes reversible error and invalidates the plea" pursuant to *State v. Cook*, 2024-Ohio-4771, ¶ 38 (1st Dist.). However, the facts here are distinguishable from those in *Cook*. Like Lea, Cook had two pending cases. In one case, he was found guilty after a bench trial, and he resolved the other case by pleading guilty to three charges, including a failure-to-comply charge. *Id.* at ¶ 1.

{¶21} In accepting his guilty pleas, the court did not make any reference to a mandatory consecutive sentence and advised Cook that he faced a maximum sentence of 12 years in prison. *Id.* at ¶ 11. After imposing a sentence on each of the three convictions, the court ordered each sentence to be served concurrently and did not impose a mandatory consecutive sentence on the failure-to-comply charge. *Id.* at ¶ 12. However, the court ran the sentences in both cases consecutively to each other for an aggregate sentence of 16 to 24 years in prison, far more than the maximum term of 12 years that the court advised him of before accepting his pleas. *Id.* at ¶ 13.

{¶22} On appeal, Cook argued that his guilty pleas were not made knowingly, voluntarily, and intelligently and should therefore be vacated. *Id.* at ¶ 15. The *Cook* court agreed. This court concluded that "a defendant who does not understand that a mandatory prison term will be added to any other term of incarceration cannot understand the maximum sentence created by a guilty plea." *Id.* at ¶ 38. The court held "that the failure to advise a defendant that a guilty plea to a failure-to-comply charge carries a mandatory consecutive sentence under R.C. 2921.331(D) violates Crim.R. 11(C)." *Id.*

{¶23} After *Cook* was decided, this court was faced with guilty pleas in multiple cases, that included a charge of failure to comply, where the trial court did not notify the defendant that his sentence on that charge was required to be served consecutively to any other prison sentence. *See State v. Johnson*, 2025-Ohio-149 (1st

8

Dist.). Johnson entered guilty pleas in two separate cases, where he agreed to plead guilty to a total of four counts, all third-degree felonies. *Id*. at ¶ 9. The plea agreement included a recommended sentence of "one year on each of the four counts, three to run concurrently, and the fourth (for the failure-to-comply charge) to run consecutively, for a total of two years in prison. During the plea colloquy, the court informed Johnson that it could impose more prison time than the recommendation, and that he faced a maximum penalty of 36 months on each count." *Id*. at ¶ 10.

**{¶24}** Following *Cook*, the *Johnson* court acknowledged that the trial court violated Crim.R. 11(C)(2)(a) by failing to inform Johnson that any prison sentence for the failure-to-comply charge must be served consecutively to any other prison sentence. *Id*. at ¶ 22. However, the court did not vacate Johnson's pleas because the trial court partially complied with Crim.R. 11(C) by "informing Johnson of the maximum duration of his sentences, despite failing to inform him that the sentence for his failure-to-comply charge had to run consecutively." *Id*. at ¶ 32.

**{¶25}** Similarly here, the court advised Lea of the maximum sentence on each charge and that it could require him to serve each sentence consecutively for a maximum penalty of four-and-a-half years of incarceration. Although the court failed to inform him that he faced a mandatory consecutive sentence on the failure-to-comply charge, at best, the advisement was incomplete or inaccurate. The court advised him that all of his sentences could be run consecutively and correctly advised him that he faced a maximum prison term of four-and-a-half years. Thus, the trial court informed Lea of "the maximum duration of his sentences, despite failing to inform him that the sentence for his failure-to-comply charge had to run consecutively." *See id.*

**{¶26}** Therefore, Lea must affirmatively show prejudice to invalidate the plea,

meaning, he must demonstrate that he would not otherwise have entered the plea. *See Dangler*, 2020-Ohio-2765, at ¶ 14, 16. Lea did not assert that, but for the violation, he would not have pled guilty. Moreover, Lea's counsel represented that Lea understood the maximum sentence, and when the court advised Lea that he faced a maximum penalty of four-and-a-half years in prison, he affirmed that he understood the maximum penalty and, despite that knowledge, he still wished to enter his pleas. Consequently, Lea has failed to demonstrate that the court's failure to fully comply with Crim.R. 11(C) prejudiced his decision to plead guilty.

{¶27} We overrule the first assignment of error.

### Second Assignment of Error Moot

{¶28} In his second assignment of error, Lea contends that because the guilty plea in the case numbered B-2503304 was not entered knowingly, voluntarily, and intelligently, both pleas must be vacated because they were part of a larger plea agreement. In light of our disposition of his first assignment of error, this issue is moot.

### Conclusion

{¶29} Having overruled Lea's first assignment of error, rendering the second assignment of error moot, we affirm the judgments of the trial court.

Judgments affirmed.

KINSLEY, P.J., and BOCK, J., concur.