OPINION
{¶ 1} Defendant-appellant Thomas W. Robison, III, [hereinafter appellant] appeals his January 8, 2002, conviction and sentence in the Licking County Court of Common Pleas on one count of operating a vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1) (a third degree felony), one count of driving under a suspended license, in violation of R.C. 4507.02 (a first degree misdemeanor), one count of failure to wear a seat belt, in violation of R.C. 4513.263 (a minor misdemeanor) and one count of failure to drive in marked lanes, in violation of R.C. 4511.33 (a minor misdemeanor). The plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 8, 2000, Trooper Root of the Ohio State Highway Patrol initiated a traffic stop on a vehicle driven by appellant. Prior to stopping appellant, the Trooper observed appellant's vehicle wandering over the right fog line several times. Upon speaking with appellant, Trooper Root detected the indicia of driving while under the influence of alcohol. Upon questioning, appellant admitted to having consumed six beers and being too drunk to do any field sobriety tests. Appellant was having difficulty standing and speaking. In addition, appellant refused to submit to breath or urine testing for the presence of alcohol.
 {¶ 3} During the course of the investigation, it was determined that appellant was driving the vehicle while under suspension from a previous offense. Further, the Trooper noticed that appellant was not wearing a seat belt.
Appellant was issued a Uniform Traffic Citation. Appellant was charged with driving while under the influence of alcohol, in violation of R.C.4511.19(A)(1), a felony of the third degree[1], driving while under suspension, in violation of R.C. 4507.02, a first degree misdemeanor, failure to wear a safety belt, in violation of R.C. 4513.263(B)(1), a minor misdemeanor, and failure to maintain marked lanes, in violation of R.C. 4511.33, a minor misdemeanor.
 {¶ 4} Appellant then claimed he was having chest pains and difficulty breathing. Appellant was taken to a hospital where a blood test determined that appellant's blood alcohol level was over the legal limit. These test results, however, were not the basis of the charge of driving while under the influence.
 {¶ 5} A bond hearing and an ALS suspension hearing were held on August 9, 2000, in the Licking County Municipal Court. Subsequently, on August 18, 2000, appellant was indicted by the Licking County Grand Jury. The indictment reflected the same charges as noted previously.
 {¶ 6} Appellant appeared for an initial appearance on August 21, 2000, in the Licking County Court of Common Pleas [hereinafter trial court]. Bond was set at $5,000.00, own recognizance. On August 22, 2000, Attorney W. David Branstool was appointed to serve as trial counsel for appellant. Attorney Branstool occasionally served as an acting Judge in the Licking County Municipal Court when called upon by that court.
 {¶ 7} Appellant was to be arraigned on August 28, 2000, but appellant failed to appear. The trial court issued a capias for appellant's arrest.
Subsequently, on September 17, 2001, the State requested that the trial court issue a Warrant of Removal. In the request, the State claimed that appellant was confined in the Grafton Correctional Institution, Grafton, Ohio. The trial court issued the Warrant of Removal and appellant was returned to Licking County. Appellant was arraigned on September 24, 2001. Appellant entered pleas of not guilty to all charges.
 {¶ 8} A jury trial was scheduled for December 14, 2001, but was continued to January 8, 2002, upon the State's request. On December 20, 2001, Attorney Branstool filed a Motion to Dismiss based on counsel's belief that the State had destroyed a video tape of the traffic stop, thereby depriving appellant of exculpatory material. Subsequently, however, it was determined that no tape ever existed.
 {¶ 9} On January 7, 2002, the trial court held an unscheduled status conference at which appellant moved the trial court for new trial counsel. Appellant asserted on the record that he believed there was a conflict of interest because trial counsel was an acting judge in the Licking County Municipal Court. Additionally, appellant alleged that he had been denied effective assistance of trial counsel up to that date by trial counsel's failure to file several motions. The trial court proceeded to allow appellant to present those motions orally and pro se. The motions concerned the following matters: the jurisdiction of the trial court to hear the case; alleged violations of his rights stemming from the manner in which the charges were brought; alleged violations of his right to a speedy trial under R.C. 2941.401; and a request for Grand Jury transcripts. The trial court denied all motions.
On January 8, 2002, appellant entered a change of plea. Appellant withdrew his previously entered pleas of not guilty and entered pleas of no contest to all four counts of the indictment. The trial court engaged appellant in a lengthy exchange regarding appellant's rights and the voluntariness of appellant's plea. Subsequently, the trial court accepted appellant's plea and found appellant guilty. The trial court then conducted a sentencing hearing. By Judgment Entry filed January 30, 2002, the trial court imposed the following sentence: On count one, driving while under the influence of alcohol, appellant was sentenced to a determinate sentence of two years in prison and ordered to pay a minimum, mandatory fine of $800. In addition, appellant's driver's license was suspended for ten years. On count two, driving while under a suspended license, appellant was sentenced to a determinate sentence of 90 days in the Licking County Jail. On count three, the seat belt violation, appellant was ordered to pay a $50 fine. On count four, the marked lanes violation, appellant was ordered to pay a $50 fine. The trial court ordered that the sentence imposed in Count II be served concurrently with the sentenced imposed in Count I. The sentences imposed in this case were ordered to run consecutively with a sentence previously imposed by the Franklin County Court of Common Pleas. As appellant was determined to be indigent, the fines imposed in Counts III and IV were suspended.
 {¶ 10} On January 8, 2002, Attorney Kirk McVay was appointed to represent appellant on appeal. On January 17, 2002, appellant, acting pro se, filed a Request for Appointment of Different Appellate Counsel in the trial court. Appellant requested appellate counsel who was not affiliated with Licking County.
 {¶ 11} On January 30, 2002, appellate counsel Kirk McVay filed a timely Notice of Appeal. On April 23, 2002, Attorney McVay filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493, indicating that after a careful review of the record in this case and research on the possible appellate issues raised, counsel for appellant had reached the conclusion that there existed no meritorious issues for appeal in the case. Appellate counsel's brief presented six potential assignments of error:
"I. The trial court committed harmful error in accepting the guilty plea [sic] of the defendant-appellant.
 {¶ 12} "II. The trial court committed harmful error in sentencing the defendant-appellant.
 {¶ 13} "III. The appellant was denied his sixth amendment right to the effective assistance of counsel when trial court (1) failed to investigate defendant-appellant's assertions that he was not under the influence of alcohol or drugs but rather the noxious fumes of paints and thinners he uses in his work; and, (2) failed to file motions which defendant-appellant orally argued without counsel's assistance on January 7, 2002.
 {¶ 14} "IV. The appellant was denied his fifth amendment right to due process of law when his case was indicted by the grand jury without a complaint having been filed in municipal court.
 {¶ 15} "V. Defendant-Appellant was denied his right to conflict-free representation as set forth in the sixth amendment of the United States Constitution.
 {¶ 16} "VI. Defendant-Appellant's rights to speedy trial under R.C. 2941.401 and R.C. 2945.71, et. seq. were violated when the trial court denied Defendant-Appellant's motion to dismiss."
 {¶ 17} Through a motion filed contemporaneously with the Anders brief, Attorney McVay moved this Court for leave to withdraw as attorney of record.Attorney McVay provided a copy of his Anders brief and motion to withdraw as counsel to appellant. Appellant was advised of his right to file a pro se brief on his own behalf.
 {¶ 18} On June 28, 2002, appellant filed a pro se brief. In the pro se brief, appellant raised the following potential assignments of error.
 {¶ 19} "I. The Licking County Municipal Court erred when it arraigned defendant on a Fifth Degree Felony D.U.I. charge when uniformed traffic citation did not charge a felony and was not accompanied by a sworn jurat or affidavit as felony charge would require.
 {¶ 20} "II. The Licking County Common Pleas court erred in accepting defendants [sic] plea to a criminal indictment for felony D.U.I.[,] driving under suspension, marked lanes and seatbelt violation [sic] in absence of original sworn complaint by arresting officer and superseding affidavit of complaint by prosecution, court was deprived of jurisdiction, as well as a Fifth Amendment U.S. Constitution Violation. [sic]
 {¶ 21} "III. The Licking County Common Pleas court erred in accepting defendant's plea to a prosecution that violated "Notice of untried indictments, informations or complaint" and right to request disposition agreement O.R.C. 2941.401, O.R.C. 2945.72(A) and theSixth Amendment of the U.S. Constitution."IV. The Defendant-Appellant was derived of the assistance of competent effective counsel as guaranteed by the U.S. and Ohio Constitutions by counsels [sic] unwillingness to participate in even the basic fundamental defense of defendant.
 {¶ 22} "V. The Licking County Common Pleas court erred when it denied Defendant replacement counsel and continuance to prepare for trial in the obvious presence of conflicting interests.
 {¶ 23} "VI. Defendant-Appellant was denied competent effective counsel on appeal, as guaranteed by the 14th amendment of the U.S. Constitution."
 {¶ 24} Anders established five criteria which must be met before a motion to withdraw by appellant's counsel may be granted: "The five criteria are: a showing that appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous; a showing that a motion to withdraw has been filed by appellant's counsel; the existence of a brief filed by appellant's counsel showing any potential assignments of error that can be argued on appeal; a showing that appellant's counsel provided a copy of the brief which was filed to the appellant; and a showing that appellant's counsel provided appellant adequate opportunity to file a pro se brief raising any additional assignments of error appellant believes should be addressed." Anders, 386 U.S. at 744.
 {¶ 25} This court then has an independent duty to review the complete record and determine whether there is any arguable merit to the assignments of error presented by appellant's counsel or by appellant and to determine whether there are any arguably meritorious issues apparent from the record. Anders, supra; State v. Miliner (Dec. 21, 2001), Montgomery App. No. 18785, 2001-Ohio-7025. In fulfilling this duty, we will briefly review the potential assignments of error presented by appellate counsel and appellant, pro se.
 I {¶ 26} In appellate counsel's first potential assignment of error, counsel addresses whether the trial court committed harmful error in accepting appellant's plea. We agree with appellate counsel that the trial court did not error in accepting appellant's plea of no contest. The trial court engaged appellant in a lengthy exchange prior to accepting appellant's plea, in compliance with Criminal Rule 11(C). The record demonstrates that appellant voluntarily, intelligently and knowingly waived his constitutional rights and entered the plea of no contest. A review of the discourse reveals that the trial court complied with the Ohio Rules of Criminal Procedure and constitutional mandates. We find no arguable error.
 II {¶ 27} In appellate counsel's second potential assignment of error, counsel raises the issue of whether there was harmful error committed in sentencing appellant. Appellant's sentence was within the allowable range of sentences and imposed in accordance with law. We agree with appellate counsel that appellant's sentence raises no arguable error.
 III (and Pro Se IV) {¶ 28} In the third potential assignment of error raised by appellate counsel, counsel raises the issue of whether appellant received effective assistance of trial counsel when trial counsel 1) failed to investigate appellant's assertions that appellant was not under the influence of alcohol or drugs but rather under the influence of noxious fumes of paints and thinners appellant used in his work, and 2) failed to file the motions which appellant orally argued without trial counsel's assistance at the hearing held January 7, 2002.
In appellant's fourth potential assignment of error, raised pro se, appellant raised the following issues concerning whether appellant received effective assistance of trial counsel:
 {¶ 29} Trial counsel always answered appellant's communications in an adversarial manner.
 {¶ 30} Appellant was forced to research law and procedure himself and make all motions and arguments pro se because trial counsel was only interested in a plea bargain.
 {¶ 31} Trial counsel refused to investigate appellant's claim that the Common Pleas Court did not have jurisdiction to prosecute a felony, as defined in R.C. 2935.09 and Crim.R. 3.
 {¶ 32} Trial counsel gave incompetent and misleading advice stating that only a Uniform Traffic Citation was necessary.
 {¶ 33} Trial counsel ignored appellant's assertion that a blood test was unlawfully acquired against his wishes and outside of the 2 hour time limit.
 {¶ 34} Trial counsel disregarded evidence appellant presented to trial counsel regarding the effects of lacquer vapor appellant had inhaled just prior to his arrest. Trial counsel refused to research or investigate the issue.
 {¶ 35} Trial counsel failed to defend appellant at sentencing.A claim of ineffective assistance of counsel requires a two-prong analysis. The first prong is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 506 U.S. 364,113 S.Ct. 838, 122 L.Ed.2d 180; Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373. A strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 36} First, we note that appellate counsel's first issue and appellant's pro se issues 1, 2, in part[2], 3, 4 and 6, as identified above, are outside of the record in this case. On direct appeal, this court's review is limited to matters contained on the record. State v. Kelley (1991), 57 Ohio St.3d 127, 130, 566 N.E. 658; State v. Ishmail (1978), 54 Ohio St.2d 402, 377 N.E.2d 500, paragraph one of the syllabus. Therefore, this court cannot review those issues.
 {¶ 37} As to issues concerning the blood test, the charges pending against appellant were not based upon his blood alcohol content. Therefore, any issues regarding the blood test are moot.
 {¶ 38} Appellant also contends that his trial counsel failed to defend him at his sentencing. Appellant's allegations are not specific and this court's review of the transcript of the change of plea and sentencing hearing does not reflect any error or ineffective assistance of counsel.
 {¶ 39} The remaining issue is whether arguable error was created when trial counsel failed to present and argue the motions appellant presented pro se at the January 7, 2002, motions hearings. With the exception of appellant's request for the Grand Jury transcripts, these issues have been presented to this court on appeal and, as discussed herein, found to have no arguable merit. Upon review, we see no arguable claim of ineffective assistance rising from trial counsel's failure to present and argue these issues.
 {¶ 40} In conclusion, we find no arguably meritorious issues of ineffective assistance of counsel arising from the record.
 IV (and Pro Se I and II) {¶ 41} In the fourth, potential assignment of error raised by appellate counsel, counsel raises the issue of whether appellant was denied due process when appellant was indicted by the grand jury without a complaint having been filed in a municipal court. Appellant raises two similar issues in his pro se brief. Appellant contends that 1) the trial court erred in accepting appellant's plea to the indictment in the absence of an original sworn complaint by the arresting officer and a superceding affidavit of complaint by the prosecution and that 2) the Municipal Court erred when it arraigned appellant on a fifth degree felony based upon a Uniform Traffic Citation. We find no arguable merit to these potential assignments of error.
 {¶ 42} Appellant was indicted by a grand jury. Crim.R. 7(A) states the following, in relevant part: "A felony that may be punished by death or life imprisonment shall be prosecuted by indictment. All other felonies shall be prosecuted by indictment, except that . . . the defendant may waive that right in writing and in open court. . . . A misdemeanor may be prosecuted by indictment . . . in the court of common pleas. . . ." Thus, an affidavit and complaint are not necessary when an indictment has been brought. State v. Lutchey (Feb. 16, 1996), Fulton App. No. F-95-009, 1996 WL 71011; State v. Manley (June 21, 1996), Columbiana App. No. 95-CO-54, 1996 WL 350915.
Upon review, we agree with appellate counsel's assertion that this matter proceeded in accordance with Crim.R. 7 and that appellant's due process rights were not violated by the process employed to bring charges against appellant.
 V (and Pro Se V) {¶ 43} In the fifth potential assignment of error raised by appellate counsel, counsel presents the issue of whether appellant was denied the effective assistance of trial counsel since trial counsel was an acting judge in the Licking County Municipal Court. Appellant raises this issue in his fifth potential assignment of error. Appellant argues that the trial court erred when it denied appellant new counsel and a continuance to prepare for trial based upon the "obvious" presence of conflicting interests created by trial counsel's position as an acting judge and his aspirations to become a common pleas judge. Appellant points to OAG 72-019 in support of his argument that trial counsel should not have been appointed nor served as counsel in this matter since the matter was not dismissed in the municipal court in which trial counsel served as an acting judge until after trial counsel was appointed to represent appellant in the court of common pleas. OAG 72-019 states that a county court judge "may engage in the defense of individuals accused of a crime so long as the matter is not related to matters pending or originating in the court on which the judge sits during the judge's term of office."
First, we note that most of appellant's arguments are based upon matters outside of the record. For example, the record does not reflect when the matter was dismissed in the Municipal Court nor trial counsel's aspirations for the future. The record does reflect that trial counsel is at times an acting judge in the Licking County Municipal Court in that the trial court confirmed that trial counsel was indeed an acting judge, at times. Transcript of Motions Hearing, held January 7, 2002, pg. 4. However, this matter was proceeding in the Licking County Court of Common Pleas, not the Licking County Municipal Court. Trial counsel was appointed to represent appellant in the Court of Common Pleas after appellant had been indicted. Thus, there was no conflict created by trial counsel's representation.
 {¶ 44} We find that the potential assignments of error presented have no arguable merit.
 VI (and Pro Se III) {¶ 45} In the sixth potential assignment of error raised by appellate counsel, counsel raises the issue of whether appellant's rights to a speedy trial were violated under R.C. 2941.401 and 2945.71, et. seq. Appellant addresses this issue in his pro se brief, assignment of error three, when, in essence, he argues that the trial court violated appellant's speedy trial rights when it violated R.C. 2941.401 and R.C.2945.72(A).
 {¶ 46} In general, R.C. 2945.71 states that a person charged with a felony must be brought to trial within 270 days after arrest. However, Revised Code 2941.401 requires that a prisoner of a State correctional institution be brought to trial within 180 days after he "causes to be delivered to the . . . appropriate court . . . a written notice of the place of his imprisonment and a request for a final disposition. . . ." Revised Code 2945.72 allows for extensions of the time within which an accused must be brought for trial.
 {¶ 47} We will first address issues relating to R.C. 2941.401. Appellant claims that on or about February 19, 2001, appellant sent a "request for remedy" to the Licking County Clerk of Courts. Appellant received no response. Appellant claims that he received notice of a detainer out of Licking County on September 6, 2001. That same day, appellant sent a request for disposition, pursuant to R.C. 2941.401. That request for early disposition was received by the Licking County Clerk of Courts on September 13, 2001.
As stated previously, this court's review on direct appeal is limited to the record of the case. The record does not contain a request for early disposition dated prior to September 6, 2001. The record does show that trial, in this case, was scheduled for January 8, 2002. On that date, appellant entered a plea of no contest in lieu of trial.
 {¶ 48} By comparing the date of September 13, 2001, the date the Clerk of Courts received appellant's R.C. 2941.401 request, to the date of January 8, 2002, it can be seen that appellant was brought to trial within 180 days of the receipt of his notice and request. Thus, the trial court did not violate R.C. 2941.401.
As to R.C. 2945.71 et. seq., appellant was initially arrested on August 8, 2000. Appellant's plea, in lieu of trial, was entered on January 8, 2002, 518 days after appellant's arrest. However, the record discloses that appellant failed to appear for arraignment on August 28, 2000. While not clear from the record, appellant either failed to appear at his arraignment of his own accord or because he was being held on other charges in Franklin County. The time in which an accused must be tried is extended when the delay was occasioned by the neglectful or improper action of the accused or the accused was unavailable due to other criminal proceedings or confinement, provided the prosecution acts reasonably diligently to secure the accused's availability. See R.C.2945.72(A) and (D).[3] Therefore, the time in which appellant had to be tried was extended. Further, from the record, it does not appear that the prosecution failed to act with reasonable diligence. Upon review, we see no indication that appellant's rights to a speedy trial under R.C.2945.71 were violated.
 {¶ 49} In conclusion, this court finds no arguably meritorious issues concerning speedy trial.
 Pro Se VI {¶ 50} In the sixth pro se potential assignment of error, appellant argues that appellant was denied effective assistance of appellate counsel. Specifically, appellant asserts that appellate counsel allegedly gave appellant bad advice and ignored the issues appellant wished to present on appeal.
 {¶ 51} First, all matters that allegedly occurred but are outside of the record are not reviewable on direct appeal. The only issue raised that is in the record before this court concerns appellant's suggestion that appellate counsel was ineffective for filing an Anders brief. Anders v. California, supra, and innumerable following Ohio cases, make specific provision for an appellate counsel to do exactly what this counsel has done when he fails to find arguable errors in an appeal. Since we concur with appellate counsel's analysis of this case, appellant's potential assignment of error concerning ineffective assistance of appellate counsel is not well-taken.
 {¶ 52} In conclusion, this court has reviewed the potential assignments of error raised by appellant's appellate counsel and by appellant pro se. Further, pursuant to our responsibilities under Anders, we have done a complete and independent review of the record to determine whether there are any other arguably meritorious issues apparent from the record.
Upon consideration of the entire record, we are satisfied that there are no arguably meritorious issues raised by the record in this case. Further, we find that the requirements of Anders have been met.
 {¶ 53} Attorney Desmond's motion to withdraw is hereby granted. The judgment of the Licking County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Gwin, P.J. and Boggins, J. concur.
[1] Appellant was charged with driving while under the influence of alcohol as a felony of the third degree due to a prior felony conviction for driving while the influence of alcohol brought in Franklin County Court of Common Pleas, Case No. 98-CR-4026.
[2] Appellant argues, in part, that he was forced to research, present and argue motions, pro se, when trial counsel failed to do so. In that the record demonstrates that appellant did present these motions to the trial court pro se, the issue will be addressed. However, appellant also argues that trial counsel failed to do so because trial counsel was only interested in a plea bargain. Trial counsel's motives or reasons for not acting are outside of the record and cannot be addressed.
[3] "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following: (A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability; . . . (D) Any period of delay occasioned by the neglect or improper act of the accused . . ."