OPINION
{¶ 1} Defendant-appellant Harlan Christian Tyson appeals the July 3, 2002 Judgment Entry of the Stark County Court of Common Pleas which denied his motion to withdraw his guilty plea. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On May 3, 2001, appellant was indicted with one count each of trafficking in cocaine, possession of cocaine, and having weapons while under a disability. A jury trial was conducted and the jury found appellant guilty on all three counts. Prior to sentencing, possible juror misconduct was disclosed. The trial court explained to appellant it had intended to sentence him to nine years imprisonment based upon the jury's conviction. However, to avoid the possibility of mistrial or reversal on appeal because of concerns over possible juror misconduct which could result in retrial, appellant was offered a sentence of six years imprisonment in exchange for his plea of guilty to the charges. Appellant elected to change his plea to guilty and was sentenced by the trial court via Judgment Entry filed August 13, 2001.
 {¶ 3} On January 14, 2002, appellant filed a motion to withdraw his guilty plea. The motion was not supported by any evidentiary materials but relied upon appellant's self-serving allegations. The trial court denied appellant's motion by Judgment Entry filed July 3, 2002. It is from that judgment entry appellant prosecutes this appeal, assigning as error:
 {¶ 4} "I. The trial court violated Fed. Crim. Rule 11, impermissibly participate [sic] or intervened in plea negotiations, used intimidation and coercion to induce a plea of guilty.
 {¶ 5} "II. Appellant's plea was uncounseled as a result of counsel's ineffective assistance and trial ineffective assistance of counsel resulting in prejudice to appellant."
 {¶ 6} Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The decision to grant or deny a motion to withdraw a guilty plea lies within the sound discretion of the trial court. State v. Xie
(1992), 62 Ohio St.3d 521, para. one of the syllabus. In order to find an abuse of discretion, the trial court's decision must be unreasonable, arbitrary or unconscionable. Id. at 526-527.
 {¶ 7} It is with standard in mind we address appellant's two assignments of error.
 I, II {¶ 8} In appellant's first assignment of error, he maintains the trial court violated Crim.R. 11 by impermissibly participating in the plea negotiations. In appellant's second assignment of error, he argues he received ineffective assistance of trial counsel with regard to his guilty plea. As a result, appellant also contends his plea was uncounseled and therefore, not a knowing, intelligent and voluntary waiver of his rights. Because appellant's assignments of error are related, and the allegations and arguments contained therein duplicitous, we address them together.
 {¶ 9} Appellant has failed to provide this Court a transcript of his change of plea hearing. Appellant has filed Appellant's Statement in Lieu of Transcript (Pursuant to App.R. 9). However, appellant has not demonstrated a transcript is unavailable. Furthermore, appellant's statement was not approved by the trial court and was filed after transmission of the record by the clerk. Accordingly, we find appellant has failed to satisfy his duty under App.R. 9(B).
 {¶ 10} "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199.
 {¶ 11} We find the transcript of the change of plea hearing is necessary to resolve appellant's claim his guilty plea was not knowingly, intelligently and voluntarily made. Accordingly, those portions of appellant's assignments of error relating to alleged violations of Fed.R. 11 and judicial coercion are overruled.[1]
 {¶ 12} Appellant also alleges numerous other claims of ineffective assistance of counsel regarding his change of plea. The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373; State v. Combs, supra.
 {¶ 13} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 14} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
 {¶ 15} Appellant's claims of ineffectiveness based upon his counsel's failure to apprise him of his rights regarding a mistrial and appeal are outside the record of this appeal and likely beyond the record of the change of plea hearing even if a transcript thereof had been provided.
 {¶ 16} The appellant also generally alleges his counsel failed to properly investigate his case. Again, there is no record demonstration to support appellant's self-serving allegations and no record evidence to demonstrate how such investigation would have been beneficial to his case.
 {¶ 17} The remainder of appellant's claims of ineffective assistance of counsel all pertain to pretrial and/or trial tactics employed by his counsel during his trial. By pleading guilty, those claims have not been preserved for review on appeal. See State v. Kelly
(1991), 57 Ohio St.3d 127.
 {¶ 18} The trial court did not abuse its discretion in overruling appellant's motion to withdraw his guilty plea. Appellant's assignments of error are overruled.
 {¶ 19} The judgment of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Farmer, J. and Wise, J. concur.
topic: ineffective assistance of counsel, tc violated criminal rule 11.
[1] Fed.R. 11 does not apply in state court proceedings. State v.Ricks (1976), 48 Ohio St. App.2d 128. Furthermore, appellant's claim of violation of Fed.R. 11 was not raised in his motion to withdraw his guilty plea and therefore cannot be raised for the first time on appeal.