OPINION
{¶ 1} Charles Sturgill is appealing the judgment of the Montgomery County Common Pleas Court, which convicted him of escape and sentenced him to two years of incarceration upon his guilty plea.
 {¶ 2} On December 4, 2002, a Montgomery County grand jury indicted Sturgill for escape, a violation of 2921.34(A)(1). On February 14, 2003, Sturgill entered a plea of guilty to the escape charge. The trial court subsequently sentenced Sturgill to a mandatory two-year prison term that was to be served consecutive to the sentence imposed on a prior burglary conviction.
 {¶ 3} On March 14, 2003, Sturgill filed his notice of appeal from this conviction, raising the following assignments of error:
 {¶ 4} "[1.] The trial court erred in its acceptance of appellant's plea.
 {¶ 5} "[2.] The trial court erred in sentencing appellant where it did not make the required findings for imposing a prison term.
 {¶ 6} "[3.] Appellant's trial counsel was ineffective."
Appellant's first assignment of error:
 {¶ 7} Sturgill argues that his guilty plea was not knowing and voluntary because he was misinformed that the mandatory minimum sentence he could receive was two years consecutive to his current sentence for burglary. We disagree.
 {¶ 8} When reviewing the validity of a guilty plea, an appellate court focuses on whether the requirements of Crim. R. 11 were followed by the trial court and whether the defendant voluntarily and knowingly waived his constitutional rights.State v. Kelley (1991), 57 Ohio St.3d 127, 128-129.
 {¶ 9} Crim. R. 11(C)(2) provides:
 {¶ 10} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 11} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 12} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 13} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 14} R.C. 2929.13(F) governs mandatory sentences, providing:
 {¶ 15} "Notwithstanding divisions (A) and (E) of this section, the court shall impose a prison term or terms under section 2929.02 to 2929.06, section 2929.14 or section 2971.03 of the Revised Code and except as specifically provided in section2929.20 or 2967.191 of the Revised Code or when parole is authorized for the offense under section 2967.13 of the Revised Code shall not reduce the terms pursuant to section 2929.20, section 2967.193, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code for any of the following offenses:
 {¶ 16} "* * *
 {¶ 17} "(6) Any offense that is a first or second degree felony and that is not set forth in division (F)(1), (2), (3), or (4) of this section, if the offender previously was convicted of or pleaded guilty to aggravated murder, murder, any first or second degree felony, or an offense under an existing or former law of this state, another state, or the United States that it or was substantially equivalent to one of those offenses[.]"
 {¶ 18} Sturgill argues that his plea was not knowingly and voluntarily made because at the plea hearing he was under the understanding that the court was required to impose a mandatory minimum two year prison term upon him, which he asserts was not the case. However, this is inaccurate. Pursuant to R.C.2929.13(F)(6), Sturgill was subject to a mandatory prison sentence. Sturgill was charged with escape, which is a second degree felony when the offender was in detention for a first or second degree felony. R.C. 2921.34(C)(2)(a). When Sturgill committed the offense of escape, he was serving a period of post-release control at a halfway house for a prior burglary conviction under R.C. 2911.12(A)(2), which is a second degree felony. Since Sturgill was charged with a second degree felony escape and previously had been convicted of a second degree felony, the court was required by R.C. 2929.13(F)(6) to sentence Sturgill to a mandatory prison term. Therefore, Sturgill was not induced to enter his guilty plea as a result of erroneous information.
 {¶ 19} Further, a review of the plea hearing indicates Sturgill was fully aware that if he went to trial he could be sentenced to between two and eight years if he was convicted, but by entering the plea he would only receive two years. The trial court informed Sturgill of the consequences of pleading guilty and determined that he was not under the influence of alcohol or drugs and that he had no difficulty reading. Also, the court told Sturgill that by pleading guilty he was giving up his rights to a jury trial, to confront witnesses on his behalf, to have the State prove his guilt beyond a reasonable doubt, and not to be compelled to testify against himself. Sturgill indicated his understanding of this. The court further explained to Sturgill the effect of his plea, the nature of the charges, the maximum sentence that could be imposed, that his sentence would be consecutive, that he could be placed on a period of post-release control after serving his sentence, and the penalties for violating post-release control. The trial court indicated initially that it would be inclined to grant him early judicial release but then realized that it could not grant the early release as the prison sentence was mandatory. Sturgill indicated he understood this and continued on to sign the guilty plea, which stated that the prison term for escape was mandatory and could not be reduced by judicial release. The trial court then accepted his plea after determining that Sturgill was entering his plea voluntarily.
 {¶ 20} Having reviewed the hearing, it is evident Sturgill entered his plea fully understanding the effect of his plea, the nature of the charge, the maximum penalty, and that he was waiving his constitutional rights. Sturgill's plea was voluntary, knowing, and intelligent, and we find no error in the court's acceptance of the plea. Sturgill's first assignment of error is without merit and is overruled.
Appellant's second assignment of error:
 {¶ 21} Sturgill argues the trial court erred in ordering that his two year sentence for his escape conviction be served consecutive to his burglary sentence without making the required findings for imposing a consecutive prison term. We disagree.
 {¶ 22} R.C. 2929.14(E)(4) authorizes a trial court to order multiple sentences to be served consecutively if certain findings are made on the record. Moreover, the court must also give its reasons for ordering consecutive sentences pursuant to R.C.2929.19(B)(2)(c) However, "when a trial court is required to impose consecutive prison terms pursuant to R.C. 2929.14(E)(1) through (3), it need not state supporting reasons for the imposition of such consecutive sentences as is normally required under R.C. 2929.19(B)(2)(c)." State v. Patterson, Butler App. No. CA2001-09-222, 2002-Ohio-5996, at ¶ 26; see also, State v.Lawson, Montgomery App. No. 19643, 2003-Ohio-3775, at ¶ 7;State v. Evans, 153 Ohio App.3d 226, 2003-Ohio-3475, ¶ 51-52;State v. Dudenas, Cuyahoga App. Nos. 81461, 817774, 2003-Ohio-1000, at ¶ 24.
 {¶ 23} R.C. 2929.14(E)(2) states:
 {¶ 24} "If an offender who is an inmate in a jail, prison, or other residential detention facility violates section * * *2921.34 * * * of the Revised Code, * * * any prison term imposed upon the offender for * * * [that] violation shall be served by the offender consecutively to the prison term or term of imprisonment the offender was serving when the offender committed that offense and to any other prison term previously or subsequently imposed upon the offender."
 {¶ 25} Sturgill was convicted of escape in violation of R.C.2921.34. Thus, pursuant to R.C. 2929.14(E)(2), Sturgill's sentence for his conviction for a violation of R.C. 2921.34 had to be served consecutive to Sturgill's sentence for burglary that he was serving when he committed the R.C. 2921.34 violation. Therefore, a consecutive sentence was mandatory in this case pursuant to R.C. 2929.14(E)(2). As a result, the trial court was not required to make the findings to impose a consecutive sentence under R.C. 2929.14(E)(4) as this was not the section of the statute that the trial court used to impose the consecutive sentence. Additionally, pursuant to Patterson and Lawson, the trial court was not required to state its reasons for imposing a consecutive sentence where the consecutive sentence was mandatory. Therefore, we do not find that it is error for the trial court to impose a mandatory consecutive sentence without making the statutorily listed findings or providing its reasons. Sturgill's second assignment of error is without merit and is overruled.
Appellant's third assignment of error:
 {¶ 26} Sturgill argues that he received ineffective assistance of counsel because his counsel did not correct the trial court's "erroneous" statement that the escape conviction held a mandatory minimum two year sentence. We disagree.
 {¶ 27} We evaluate ineffective assistance of counsel arguments in light of the two prong analysis set forth inStrickland v. Washington (1984), 466 U.S. 668. Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. See id. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. See id. at 687. Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. See id. at 689.
 {¶ 28} In this case, as we discussed in the first assignment of error, the trial court was correct when it informed Sturgill that the sentence for his escape conviction was a mandatory minimum of two years. Therefore, Sturgill's trial counsel was not deficient for failing to "correct" the court as Sturgill argues he should have. Sturgill has not pointed to any manner in which his counsel behaved deficiently and thus has not shown that he received ineffective assistance of counsel. Sturgill's third assignment of error is without merit and is overruled.
 {¶ 29} The judgment of the trial court is affirmed.
Fain, P.J. and Grady, J., concur.