DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Erie County Court of Common Pleas wherein appellant, Thomas Siddell, was convicted of aggravated assault and possession of cocaine and sentenced to 15 months in prison.
 {¶ 2} Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v. California (1967),386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396.
 {¶ 3} Appellant's counsel asserts that after reviewing the transcript in the proceeding and the relevant statutory and case law, she can find no arguable issues for appellate review. Appellant's counsel further states that she mailed a copy of the brief and request to withdraw to appellant and, pursuant toAnders, informed appellant that he had a right to file his own brief. Appellate counsel has set forth three possible assignments of error: (1) appellant did not knowingly, intelligently and voluntarily entered his guilty pleas; (2) the court erred in allowing appellant to waive the presentence investigation report and; (3) the court erred in sentencing appellant to prison for fourth and fifth degree felonies.
 {¶ 4} We first note that once the Anders requirements are satisfied, the appellate court must conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires.Id. at 744.
 {¶ 5} Since entering a guilty plea results in serious consequences, a trial court must be sure that a criminal defendant's plea represents a voluntary and intelligent choice among the alternatives available to the defendant. State v.Griffin (Jul. 24, 1998), Hamilton App. Nos. C-970507, and C-970527. See, also, State v. Ballard (1981),66 Ohio St.2d 473. Generally, a defendant knowingly and voluntarily enters a guilty plea if the trial court advised the defendant of the nature of the charge and the maximum penalty involved, the effect of entering a plea to the charge, and that the defendant will be waiving certain constitutional rights by entering his plea.State v. Kelley (1991), 57 Ohio St.3d 127, 128-129, Crim.R. 11(C)(2) provides:
 {¶ 6} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 7} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 8} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 9} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 10} Appellant entered guilty pleas to one count of aggravated assault and one count of possession of cocaine. A review of the transcript of the plea hearing in this case shows that the trial court had a meaningful Crim.R. 11 dialogue with appellant to ensure he understood the consequences of entering his guilty pleas. Specifically, appellant was advised of the maximum penalties he faced and the fact that the court would proceed to sentencing after accepting his pleas. Appellant was advised he was waiving his right to a jury trial and his right to confront, cross-examine and compel witnesses. Appellant verbally acknowledged he understood the consequences of his plea and nothing in the record indicates that appellant was under the influence of any drug or other substance which would prohibit his understanding of the court's questions. Accordingly, counsel's first proposed assignment of error is found not well-taken.
 {¶ 11} Counsel's second proposed assignment of error involves appellant's waiver of a presentence investigation report. Once again, we look to the transcript of appellant's plea hearing wherein appellant asked the court to waive the presentence report.
 {¶ 12} "[The Court]: Okay. Now, you are waiving the presentence investigation and report; is that correct?
 {¶ 13} [Appellant]: Yes.
 {¶ 14} [The Court]: Okay. So that would mean we would proceed with sentencing today and then you would — yeah, with sentencing today as agreed here in this plea sheet; is that — is that your understanding?
 {¶ 15} [Appellant]: Yes, to the agreed time."
 {¶ 16} As the transcript shows that appellant asked the court to waive the presentence investigation report, counsel's second proposed assignment of error is found not well-taken.
 {¶ 17} Finally, appellant's counsel proposes that the court erred in sentencing appellant to prison for fourth and fifth degree felonies. There is a presumption in favor of imprisonment for first and second degree felonies and guidance against imprisonment for fourth and fifth degree felonies. R.C.2929.13(B)-(E). However, if the sentencing court finds that a prison term for a fourth or fifth degree felony is consistent with the purposes and principles of sentencing set forth in R.C.2929.11 and, if the court finds that the defendant is not amenable to an available community control sanction, the court must impose a sentence provided one of the following eight factors apply:
 {¶ 18} * * *
 {¶ 19} (g). The offender previously served a prison term."
 {¶ 20} The trial judge in this case stated that she was adopting "all the reasons that the State cites on the record" for her reasoning behind sentencing appellant to prison. Those reasons were appellant's criminal record, his prior prison stay and the serious nature of the charges. More importantly for purposes of this appeal, it is undisputed that appellant entered into an agreement with the prosecutor wherein appellant would serve a 15 month prison term in exchange for the prosecutor's agreement to dismiss other pending charges against appellant. Give the fact that appellant asked the court to honor the plea agreement and the court, under no obligation, did so, appellant has suffered no prejudice. Counsel's third proposed assignment of error is found not well-taken.
 {¶ 21} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is, therefore, found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The judgment of the Erie County Court of Common Pleas is affirmed. Pursuant to App.R. 24, court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J., Singer, J. concur.